Turner, J.
 

 The question for decision is whether jurisdiction in the original action was obtained in a manner which permits a dormant judgment to be revived against a nonresident of the state upon whom service was had by publication only. Our decision is
 
 *314
 
 to be governed by the provisions of Section 11646, General Code, which reads as follows:
 

 “When either party to such dormant judgment or finding,- his agent or attorney, makes affidavit showing that the adverse party is not a resident of the state, that such judgment or finding remains unsatisfied in whole or part and the amount owing thereon, service may be made by publication, as in other cases,
 
 but only for judgments or findings in which personal service originally was made on the adverse party.”
 
 (Italics ours.)
 

 Section 11297, General Code, provides as follows:
 

 “When service may be made by publication, personal service of a copy of the summons and petition may be made out of the state. Such service shall be proved by affidavit.”
 

 The record in this case shows no compliance with •Section 11297, General Code. Therefore, it is unnecessary to determine whether such “personal service” would be sufficient under Section 11646, General Code.
 

 The term “personal service” has a fixed and definite meaning in law. It is service by delivery of summons to defendant personally.
 
 Thisler
 
 v.
 
 Little,
 
 86 Kan., 787, 121 P., 1123;
 
 McKenzie
 
 v.
 
 Boynton,
 
 19 N. D., 531, 125 N. W., 1059;
 
 Dalton
 
 v.
 
 St. Louis M. & S. Ry. Co.,
 
 113 Mo. App., 71, 78, 87 S. W., 610, 612;
 
 First National Bank of Casselton
 
 v.
 
 Holmes,
 
 12 N. D., 38, 41, 94 N. W., 764, 765.
 

 In 42 American Jurisprudence, 40,- Section 48, it is said:
 

 “Personal service is the primary method of obtaining jurisdiction over the person of a defendant, and is generally required, to give jurisdiction to render a judgment
 
 in personam.
 
 It is the only kind of service that will give jurisdiction to render such a judgment
 
 *315
 
 against a nonresident. Personal service of process means the actual or direct delivery of the summons or a copy thereof to the person to whom it is directed or to someone who is authorized to receive it in his behalf.”
 

 Section 11286, General Code, provides both for personal service and for an alternative means of service by leaving a copy at defendant’s usual place of residence. So far as material here this section reads:
 

 “The service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally,
 
 or
 
 by leaving a copy at his usual place of residence; * * (Italics ours.)
 

 There is no substitute for personal service when personal service alone is required. There is, however, an equivalent for
 
 service
 
 provided in Section 11287, General Code, which reads:
 

 “An acknowledgment on the back of the summons or petition, by the party sued, or the voluntary appearance of a defendant, is equivalent to service.”
 

 Of course, when a party appears personally personal service is waived but a waiver does not meet the condition provided in Section 11646, General Code.
 

 As said in 32 Ohio Jurisprudence, 391, Section 20 r
 

 “Process must be served in the mode designated by statute; and the courts cannot determine that service other than is so prescribed shall suffice,”
 

 Section 11646,
 
 sugra,
 
 authorizes a revivor upon service by publication only where personal service originally was made on the adverse party. No reference is made to the equivalent of service nor to any case in which the trial court obtained jurisdiction over the person of the adverse party except by personal service.
 

 
 *316
 
 Section 11646, General Code, is the only statute providing the method or means of obtaining service on a nonresident of the state preliminary to reviving a dormant judgment or finding against such nonresident. As the language of Section 11646, General Code, is clear and unambiguous there is no occasion for in-i)G i*p r G19-tlOH •
 

 In the case of
 
 Slingluff
 
 v.
 
 Weaver,
 
 66 Ohio St., 621, 64 N. E., 574, it was held:
 

 “But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making-body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.” See, also,
 
 State
 
 v.
 
 Williams,
 
 104 Ohio St., 232, 240, 135 N. E., 651.
 

 As stated in 37 Ohio Jurisprudence, 514, Section 278:
 

 “Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. To interpret what is already plain is not interpretation, but legislation, which is not the function of the courts, but of the general assembly. * * * An unambiguous statute is to be applied, not interpreted.” (See, also,
 
 ibid,
 
 488, 490, Sections 267, 268.) -
 

 As no personal service originally was made on the nonresident adverse party in the case in which the judgment sought to be revived was obtained, it follows
 
 *317
 
 that the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Matthias, Zimmerman and Bell, JJ., concur.
 

 Weygandt, C. J., and Hart, J., dissent.
 

 Williams, )!., not participating.