CITY OF LANCASTER, APPELLANT, *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO ET AL., APPELLEES.

(No. 52-CA-86—Decided May 18, 1987.)

*John T. Huddle,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, *Cherry Lynne Poteet* and *Roy E. Hart,* for appellees.

HOFFMAN, J. This appeal arises out of a complaint filed December 27, 1985, by plaintiff-appellant, city of Lancaster, against defendant-appellee, Public Employees Retirement System of Ohio ("PERS"), seeking a judgment declaring that the city of Lancaster owed no delinquency to the PERS on two certain employee accounts and further seeking injunctive relief enjoining defendant-appellee James P. Reed, the Fairfield County Auditor, from withholding and transferring to the PERS certain funds due to the city of Lancaster.

Prior to the complaint being filed, on November 21, 1985, the PERS by letter requested Reed to pay certain city monies to the PERS for alleged delinquent charges in the city's PERS employer account.

On January 23, 1986, Reed filed an answer, counterclaim, cross-claim and a motion, all seeking authority for Reed to pay the disputed monies into the court and be dismissed from the action. On or about January 30, 1986, the PERS filed its answer, counterclaim and cross-claim. The counterclaim sought a judgment against the city for $8,426.99, representing an amount allegedly due for delinquent PERS employer contributions. The cross-claim against Reed sought a declaratory judgment finding that Reed was re-

quired to forward $8,426.99 to the PERS. On February 3, 1986, the city filed an answer to Reed's counterclaim.

On February 18, 1986, the city filed its reply to the counterclaim of the PERS, denying that its employer account was delinquent to the extent alleged. On May 19, 1986, the city filed its motion for summary judgment in this matter. On or about May 30, 1986, the PERS filed its motion for summary judgment. On October 10, 1986, the trial court issued a memorandum decision, denying the city's motion for summary judgment and granting the PERS's motion for summary judgment.

It is from the judgment of the Court of Common Pleas of Fairfield County granting the PERS's motion for summary judgment that appellant timely appeals to this court, raising the following two assignments of error:

"I. The trial court erred in overruling plaintiff-appellant's motion for summary judgment.

"II. The trial court erred in granting defendant-appellee Public Employees Retirement System of Ohio's motion for summary judgment."

We overrule both assignments of error raised by appellant city of Lancaster and affirm the judgment of the Court of Common Pleas of Fairfield County. Our reasons follow.

James W. Miller first became employed by the city on February 1, 1962. His position was Secretary of the Park Commission, Parks and Recreation Department. On September 28, 1982, Miller sent a letter to the city requesting that he be permitted to participate and pay into the PERS program. On October 12, 1982, Miller signed an application for additional credit to be submitted to the PERS.

Beginning March 31, 1983, the PERS began demanding contributions to Miller's PERS account from the city. Both Miller and the city questioned the billing of the city for employer contributions into Miller's PERS fund, and, on August 3, 1983, Miller sent a letter to the city withdrawing his request to participate in PERS and waiving and renouncing any right he had to participate in the system. A copy of Miller's letter was forwarded to the PERS by the city.

On March 29, 1984, the PERS advised the city by letter that it had received a copy of Miller's letter of August 3, and indicated it still expected the city to make its employer contribution.

The full amount demanded of the city by the PERS was $8,426.99. The amount that the PERS had been demanding from the city for the PERS account of Miller was $7,011.06. The additional $1,415.93 demanded by the PERS represented money allegedly due from the city from another employee referred to in the PERS's counterclaim, Madonna Adcock. This later claim, and the judgment thereon, are not disputed or appealed from by the city.

It appears to be undisputed that Miller is willing to do anything deemed necessary to waive or exempt himself from any rights to participate in the PERS program and is willing to waive the city-employer's contribution to his account if he has not already done so. Based on these facts, the city believes it is entitled to judgment as a matter of law as regards the PERS account of Miller.

We address both assignments of error raised by appellant together for the reason that the sole issue raised therein is whether or not a statute which expressly permits an employee to exempt himself from PERS by "signing a written application for exemption within the first month after being employed" (R.C. 145.03) permits

the employee to exempt himself from the PERS twenty years after commencing employment.

R.C. 145.01(A) defines "public employee" as follows:

" 'Public employee' means:

"Any person holding an office, not elective, under the state or any county, municipal corporation, park district, * * * or employed and paid in whole or in part by the state or any of the authorities named in this division in any capacity * * *.

"* * *

"In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final."

The position of Miller as Secretary of the Park Commission is undisputedly encompassed by this definition. Miller became a member of the PERS upon commencing his employment by operation of law. "Membership in the system is compulsory upon being employed * * *." R.C. 145.03. It is the responsibility of the employer to notify the Public Employees Retirement Board each month of new employees, see R.C. 145.17, to commence payments to the Employers' Accumulation Fund on behalf of the employee, see R.C. 145.48, and to deduct contributions from each employee's salary and to transmit the contributions to the PERS, see R.C. 145.47.

The city admits no contributions were made by it or Miller to the PERS from February 1, 1962 to December 31, 1982. The PERS became aware that Miller was an employee of the city only when he wrote requesting PERS membership.

An employee may choose not to participate in the PERS only if the employee is a part-time student or is a "new employee, not a member at the time of his employment, whose employment will not exceed twenty hours per week, * * * [and who] choose[s] to

be exempt from compulsory membership by signing a written application for exemption *within the first month after being employed"* (emphasis added), R.C. 145.03.

R.C. 145.03 makes membership in the PERS mandatory for all public employees, even part-time employees, unless the employee signs a written waiver within one month after being employed. The city admits that Miller did not sign such a waiver.

There is no statutory provision for a waiver of PERS membership by any procedure other than a written waiver filed within one month of commencing employment. Having expressly created a procedure for waiver of membership, the statute cannot be construed as permitting waiver by any other method.

Miller was a public employee who did not execute a waiver of PERS membership and thus was a member of PERS from the commencement of his employment, and contributions to PERS on his behalf were required to be made from that date.

The city argues that Miller's option to exempt himself from PERS is not an option which must be exercised within the first month of employment but is an option which can be exercised even twenty years later. This argument, however, is in direct conflict with clear statutory language which requires a written waiver within the first month of employment.

The statutory requirements are clear and must be followed.

"* * * It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. See, *e.g., Katz* v. *Department of Liquor Control* (1957), 166 Ohio St. 229. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly.

*Sears* v. *Weimer* (1944), 143 Ohio St. 312." *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106, 65 O.O. 2d 296, 298, 304 N.E. 2d 378, 381.

The trial court in its memorandum granting the PERS's motion for summary judgment disposed of appellant's argument as follows:

"The thrust of the City's argument is that Mr. Miller may chose [*sic*] at any time not to be a part of the Public Employment System since that is something which operates for his benefit. This is true in so far as it goes, *i.e.,* if one only considers Mr. Miller and nobody else. However, the Public Employment Retirement System operates for the purposes of all public employees. In doing so the System must be able to account financially for all persons coming under that System and consequently the restrictions as to the first month of employment are vital and must be adhered to."

On February 1, 1962, when Miller commenced his employment as Secretary to the Park Commission of the city of Lancaster, it became incumbent upon the municipality to enroll him in the PERS and to make the proper payroll deductions from his wages and to periodically forward those sums and the employer contributions to the retirement system. It is undisputed, however, that the city failed to make contributions on behalf of this employee for more than twenty years. The legislature has provided for this possibility by enacting R.C. 145.483. This statute states in part:

"Upon a finding that an employer failed to deduct employee contributions during a period of employment for which employee contributions were required, a statement of delinquent contributions shall be prepared showing the amount the employee and employer would have contributed had regular payroll deductions been taken. * * *"

R.C. 145.48 enforces this contribution, requiring that:

"Each employer shall pay to the employers' accumulation fund * * *:

"* * *

"(F) Such employer obligation shall include the normal and deficiency contributions and employer liability resulting from omitted member contributions required under sections 145.47 and 145.483 of the Revised Code, but not made by payroll deduction."

The courts have held that these statutes require the employer to pay the delinquent contributions of both the employer and the employee. See *State, ex rel. Pub. Emp. Retirement Bd.,* v. *Baker* (1959), 169 Ohio St. 499, 9 O.O. 2d 1, 160 N.E. 2d 262, and *State, ex rel. Teamsters Local Union 377,* v. *Youngstown* (1977), 50 Ohio St. 2d 200, 4 O.O. 3d 387, 364 N.E. 2d 18.

We therefore conclude that the trial court correctly granted summary judgment in favor of the Public Employees Retirement System, for the employee (Miller) was a public employee as defined in R.C. 145.01(A). The employee did not exempt himself from PERS membership by filing a written application for exemption within the first month after being employed as provided by R.C. 145.03, and thus was a member of the PERS. Under R.C. 145.483, his employer, the city of Lancaster, is liable for all contributions to the PERS which the employer failed to make and failed to deduct from the employee's salary.

Both assignments of error raised by the city are overruled, and the judgment of the Court of Common Pleas of Fairfield County is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and WISE, J., concur.