BOARD OF COMMISSIONERS OF CLERMONT COUNTY, APPELLANT, *v.* PUBLIC EMPLOYEES RETIREMENT BOARD, APPELLEE.

(No. CA88-01-008—Decided August 1, 1988.)

*George E. Pattison,* prosecuting attorney, and *Thomas W. Scovanner,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cherry Lynne Poteet,* for appellee.

*Per Curiam.* This appeal arises from a judgment of the Court of Common Pleas of Clermont County wherein the trial court granted summary judgment against the Board of County Commissioners of Clermont County, plaintiff-appellant, by finding that appellant was liable for certain overpayments of pension benefits.

The essential facts of the case are not in dispute. Wayne Oney, defendant, was employed by appellant before his retirement on September 1, 1978. When he retired, Oney began to receive his pension benefits through the Public Employees Retirement System ("PERS"). From February 2, 1983 to January 31, 1985, Oney was employed by appellant pursuant to a contract for personal services. Neither Oney nor appellant notified the Public Employees Retirement Board, defendant-appellee, of Oney's new status as of February 2, 1983.

In April 1985, appellee began investigating Oney's employment status after receiving an anonymous tip. Based on this investigation, appellee, at its September 1985 meeting, found that under R.C. 145.381(D) Oney was paid $24,647.15 in retirement benefits which he was not entitled to receive. Appellee, therefore, requested payment of the $24,647.15 from appellant. Appellant responded by filing a complaint for declaratory judgment against appellee and defendant Oney requesting the court to determine the liability of the parties under R.C. 145.381.

The matter came before the Court of Common Pleas of Clermont County on motions for summary judgment filed on behalf of both appellant and appellee.[1] In a judgment entry dated December 29, 1987, the trial court determined appellant was liable for the overpayment and accordingly granted summary judgment in favor of appellee.

From the judgment of the trial

---

[1] Defendant Oney and appellee filed cross-claims against each other. Both Oney and appellee also filed motions for summary judgment on the cross-claims. The trial court, however, denied both motions for summary judgment.

court, appellant initiated this appeal raising the following assignments of error for review:

First Assignment of Error:

"The trial court erred in dismissing the entire complaint."

Second Assignment of Error:

"The trial court erred in denying plaintiff's motion for summary judgment and granting defendant's, Public Employees' Retirement Board's, cross-motion for summary judgment."

As a preliminary matter, appellant contends in its first assignment of error that the trial court erred in dismissing appellant's entire complaint when appellant submitted only the first of two counts of the complaint for summary judgment. Appellant's motion for summary judgment "reserves" argument on count two of the complaint.

We note, however, that appellee filed a motion for summary judgment on all the issues. This is proper under Civ. R. 56(B), which states that "[a] party against whom a * * * declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." The trial court therefore had jurisdiction to dismiss the entire complaint. The first assignment of error is overruled.

For its second assignment of error, appellant argues the trial court erred in granting summary judgment in favor of appellee. Since no genuine issue of fact is in dispute, this court must determine whether, as a matter of law, appellant is liable for the overpayment of retirement benefits, thereby making summary judgment proper.

Both parties agree that Oney worked as a consultant for appellant. Furthermore, both parties agree that section (D) of R.C. 145.381 applies to Oney's work status. That section provides in pertinent part:

"A retirant shall not receive a retirement allowance for any period for which he is compensated under a contract or other arrangement whereby he is to perform personal or professional services for the employer by which he was employed at the time of retirement * * *."

From this section, it is clear Oney was not entitled to receive his PERS retirement allowance while he worked as a consultant for appellant. The only question remaining, therefore, is whether appellant is liable for the $24,647.15 overpayment of retirement benefits paid to Oney.

The trial court found appellant was liable for the overpayment based on the authority of R.C. 145.381(C). The relevant part of R.C. 145.381(C) states as follows:

"(C) A retirant may be regularly employed in full-time employment covered by this system provided he has received his retirement allowance for at least eighteen months. When a retirant is so employed:

"(1) The employer shall notify the retirement board of such employment before the end of the month then current and any overpayment of allowance resulting from lack of notice shall be charged to the employer;

"(2) The pension portion of the retirement allowance shall cease on the first day of the month following the date of such employment and shall thereafter be forfeited until the first day of the month following the termination of such employment * * *."

Since R.C. 145.381(C)(1) requires an employer to notify appellee of the employment of a retirant and failure to so notify results in liability to the employer for any overpayment of retirement benefits, the trial court found that appellant was liable for the overpayment. Accordingly, in determining whether the trial court properly granted summary judgment in favor of appellee, we must determine whether the notice requirement of R.C. 145.381

(C)(1) applies as well to R.C. 145.381 (D).

R.C. 145.381(D) is silent as to the proper procedure to be followed in notifying appellee when a retirant is compensated under a contract. On the other hand, R.C. 145.381(C)(1) sets out specific requirements to be followed by an employer when a retirant is *regularly employed* in *full-time employment.*

Unless a statute is ambiguous, it is to be construed without resort to a process of statutory interpretation. As the Supreme Court has previously stated: "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears* v. *Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E. 2d 413, paragraph five of the syllabus.

The meaning of the above statutory provisions is clear. By its terms, the notice and liability provisions of R.C. 145.381(C)(1) apply only when an employer hires a retirant who is a full-time employee. By expressly enumerating a specific class of persons by which an employer must provide notice of employment to appellee, the statute implies the intent of the legislature to exclude all others. See *State, ex rel. Boda,* v. *Brown* (1952), 157 Ohio St. 368, 372, 47 O.O. 262, 264, 105 N.E. 2d 643, 646. Since a retirant who is compensated under a contract to perform professional services is not included under R.C. 145.381(C), the notice and employer liability provisions are not applicable to an employer who hires the class of persons specified under R.C. 145.381(D).

Appellee argues that this court should apply the *in pari materia* rule of construction in interpreting whether the provisions of R.C. 145.381(C) apply to the case *sub judice.* Specifically, appellee contends that various statutes under R.C. Chapter 145 require employers to notify appellee of all employment changes. Moreover, appellee maintains that the entire retirement system is predicated on the assumption that every employer will promptly and faithfully report employee activity that could affect the retirement system.

We note, however, that the *in pari materia* rule of construction is used in interpreting statutes where some doubt or ambiguity exists in the wording of a statute. *State, ex rel. Celebrezze,* v. *Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St. 3d 24, 28, 512 N.E. 2d 332, 335. As the foregoing discussion indicates, we find no ambiguity in the language of R.C. 145.381(C) and therefore are bound to adhere strictly to the language of the statute.

In conclusion, we find that the trial court erred in granting summary judgment in favor of appellee because the provisions of R.C. 145.381(C)(1) do not apply to R.C. 145.381(D). Furthermore, since R.C. 145.381(D) creates no liability on the part of appellant for the overpayment, appellant is entitled to summary judgment as a matter of law. Therefore, appellant's second assignment of error is well-taken and sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.