BARACH, Appellant,

v.

OHIO COUNSELOR & SOCIAL WORKER BOARD, Appellee.

[Cite as *Barach v. Ohio Counselor & Social Worker Bd.* (1995), 102 Ohio App.3d 726.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940392.

Decided May 17, 1995.

---

*Tobias, Kraus & Torchia, Paul H. Tobias* and *David D. Kammer,* for appellant.

*Elizabeth Y. Collis,* for appellee.

---

HILDEBRANDT, Judge.

Appellant, Sheila M. Barach ("appellant"), appeals from the judgment of the Hamilton County Court of Common Pleas affirming the decision of the appellee, Ohio Counselor and Social Worker Board ("board"), to deny appellant a license to practice social work in the state of Ohio.[1] The basis for the board's denial was that appellant did not possess a baccalaureate in social work or in a program closely related to social work, and that she did not alternately demonstrate twenty semester-hours of course work in three of the five required areas of social work content. More specifically, the board denied credit for introductory level courses in sociology and psychology which appellant took while in pursuit of a bachelor's degree in government during the 1950s.

Appellant advances a single assignment of error in this appeal, urging that the trial court erred in affirming the board's decision to deny her a license. We find the assignment to be persuasive.

---

1. We have *sua sponte* removed this cause from this court's accelerated calendar and placed it on the regular calendar.

## Standard of Review

Appellant appealed from the decision of the board to the court below pursuant to R.C. 119.12. In *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 109–110, 17 O.O.3d 65, 66–67, 407 N.E.2d 1265, 1267, the court explained:

"As to the authority of a Court of Common Pleas upon review of an administrative order, pursuant to R.C. 119.12, such section provides, in pertinent part, that:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

The court also observed at 63 Ohio St.2d at 111, 17 O.O.3d at 67, 407 N.E.2d at 1267–1268:

"In *Andrews* [*v. Board of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390], this court acknowledged that determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court.

"In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive."

In the instant appeal, this court's standard of review is whether the common pleas court abused its discretion in judging the agency's decision against the evidence in the record. In *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750, the court stated:

"In an appeal from a medical board's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. R.C. 119.12; *In re Williams* (1991), 60 Ohio St.3d 85, 86, 573 N.E.2d 638, 639. The appellate court's review is even more limited than that of the trial court. While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is

to determine only if the trial court has abused its discretion, *i.e.*, being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Instead, the appellate court must affirm the trial court's judgment. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 266. See, also, *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241."

### Discussion

R.C. 4757.09 provides, in pertinent part:

"(A) The counselor and social worker board shall, after reviewing the report submitted to it by the social workers professional standards committee in accordance with division (C) of section 4757.06 of the Revised Code, issue a license as a social worker to any person who has:

"(1) Properly completed an application for a license;

"(2) Paid the required fee established by the board under division (B) of section 4757.15 of the Revised Code;

"(3) Received one of the following from an accredited educational institution:

"(a) A baccalaureate degree in social work or in a program closely related to social work approved by the board during the eight years immediately following the effective date of this section [October 10, 1984]. At the end of those eight years, any applicant for licensure as a social worker under division (A)(3)(a) of this section shall have a baccalaureate degree with a major in social work.

"(b) A master's degree in social work;

"(c) A doctorate in social work.

"(4) Passed an examination administered by the board for the purpose of determining his ability to be a social worker." [2]

Similarly, Ohio Adm.Code 4757–11–01 reads, in part:

"The requirements for licensure as a licensed social worker are generally set forth in division (A) of section 4757.09 of the Revised Code. With regard to such applicants, the board hereby prescribes:

"(A) That the applicant shall apply for a license in accordance with the provisions of rule 4757–1–04 of the Administrative Code; and,

---

**2.** It was stipulated before the hearing examiner that appellant had complied with the first, second and fourth provisions of division (A) of R.C. 4757.09.

"(B) That, either prior to receiving or after the receipt of a degree specified in this rule, the applicant pass the examination required by the board for licensure as a licensed social worker; and,

"(C) That the applicant must meet one of the following educational requirements:

"(1) Have a bachelor's degree in social work, or a master's degree in social work, or a doctoral degree in social work, from an accredited educational institution; or,

"(2) Until October 10, 1992, have at least a bachelor's degree from an accredited educational institution in a program closely related to social work.

"(a) 'A program closely related to social work' means a program that shows evidence of coursework totaling twenty semester hours, or thirty quarter hours, in three of the following areas:

"(i) Human development and behavior: the social, psychological, and physiological growth of an individual, and effects on the growth of a personality in a social environment;

"(ii) Methods of social intervention: casework, groupwork, community organization and practice, social research and administration;

"(iii) Social welfare and policy: the history of social welfare and policy;

"(iv) Social work theory: the study of the principles which demonstrate various types of socio-psychological interventions;

"(v) Field work: not less than four hundred hours of supervised practicum and/or field experience, with a primary focus on social intervention, structured or regulated by a department or program in the behavioral or social sciences.

"(b) An applicant with a degree from a program closely related to social work must demonstrate that the applicant's coursework meets the educational requirements contained in this rule. If a course title does not clearly indicate the content area of coursework named in this rule, the applicant must provide additional evidence or information about the applicant's coursework to the board."

The board concedes that pursuant to the above regulation, "a degree in *any* academic field could be related for licensure purposes, if the applicant's curriculum included the minimum requirements [twenty semester hours in three of the required areas of study]." (Emphasis *sic*.)

During the hearing before the examiner, expert testimony was presented through a licensed independent social worker who opined, *inter alia*, that appellant's courses in psychology and sociology did not meet the requirements for

licensure because they were introductory survey courses which generally do not explore the respective subjects in sufficient depth for a license.

It is the burden of the applicant to provide additional evidence about the coursework if a course title does not clearly indicate the content of coursework named in the rule. Ohio Adm.Code 4757–11–01(C)(2)(b). However, this regulation is silent as to any ban on introductory courses. Further, as can be seen from the following excerpt in response to a question by appellant concerning the expert's basis for rejecting introductory level courses, the expert's opinion relies upon facts that are not demonstrated by the record:

"In my comments [rejecting the courses as introductory], it is as a professional who has taken introductory courses and have [*sic*] participated in—in test development as it relates to curriculum development, and in knowing that intro psychology course and intro sociology course as routinely taught throughout this country, are survey in nature, are general, are—do not cover in depth any subject, but are generally as he described here, 'attempts to sensitive [*sic*]' one to a profession or area."[3]

In *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284, 487 N.E.2d 301, 303, the court observed:

"Absent ambiguity, a statute is to be construed without resort to a process of statutory construction. As this court stated in paragraph five of the syllabus of *Sears v. Weimer* (1944), 143 Ohio St. 312 [28 O.O. 270, 55 N.E.2d 413]:

" 'Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted.' "

As noted above, Ohio Adm.Code 4757–11–01(C)(2)(a) provides, in part:

" 'A program closely related to social work' means a program that shows evidence of coursework totaling twenty semester hours, or thirty quarter hours, in three of the following areas:

"(i) Human development and behavior: the social, psychological, and physiological growth of an individual, and effects on the growth of a personality in a social environment[.]"

Appellant presented evidence that she took courses in sociology and psychology from an accredited university while pursuing a degree in government. She also presented additional information concerning the contents of those courses. However, the board refused to credit appellant with the hours for those courses based

---

3. The witness is referring to a letter presented below by the appellant to describe the nature of the courses at issue.

upon its expert witness's unsupported opinion that such courses were of insufficient depth to qualify for licensure.

Because the board's order denying a license to the appellant was not supported by reliable, probative and substantial evidence, the judgment of the court below affirming such order was unreasonable. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 149. Accordingly, the judgment of the court of common pleas is reversed. Pursuant to App.R. 12, we enter the judgment which that court should have entered: the board is hereby ordered to credit appellant with semester-hours for the sociology and psychology courses taken in pursuit of her undergraduate degree and grant appellant licensure as a social worker.

*Judgment reversed.*

GORMAN, P.J., and PAINTER, J., concur.