[Cite as *Broadmoor Ctr., L.L.C. v. Dallin*, 2016-Ohio-8541.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Broadmoor Center, LLC (n.k.a. Broadmoor Center Management, LLC), | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 16AP-428 (C.P.C. No. 08CV-14372) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mohamud Dallin et al., | : | |
| | | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 30, 2016

**On brief:** *Kevin O'Brien & Associates Co., L.P.A.*, and *Kevin O'Brien*, for appellant. **Argued:** *Kevin O'Brien.*

**On brief:** *Eugene P. Weiss, LLC*, and *Eugene P. Weiss*, for appellee Mohamud Dallin. **Argued:** *Eugene P. Weiss.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Broadmoor Center, LLC ("Broadmoor"), appeals from a judgment entry of the Franklin County Court of Common Pleas finding the garnishment of property other than personal earnings Broadmoor filed against defendants-appellees Mohamud Dallin and Bargain Cleaners, Inc. to be defective and void. Broadmoor additionally appeals from the decision and entry of the Franklin County Court of Common Pleas adopting the magistrate's decision awarding attorney fees, granting Dallin's motion for attorney fees, denying Broadmoor's motion to hold Dallin in contempt, and sua sponte striking Broadmoor's creditor's bill. For the following reasons, we affirm in part and sua sponte dismiss in part.

**I.  Facts and Procedural History**

{¶ 2}   On December 22, 2009, Broadmoor obtained a default judgment against Dallin and Bargain Cleaners, jointly and severally, in the amount of $63,604.84 plus interest related to back rent and damages from Dallin's dry cleaning business.  After several years, Broadmoor learned Dallin had been operating a sole proprietorship called Mohamud Dallin, d.b.a. Golden Age Day Care Service, though Broadmoor characterized the sole proprietorship as an unregistered, fictitious name.  Broadmoor further learned Golden Age Day Care Service had a contract with the city of Columbus ("the city") to provide adult day care services.

**A.  Wage Garnishment**

{¶ 3}   On October 31, 2014, Broadmoor filed a wage garnishment for Dallin's personal earnings, listing Golden Age Home Health and Adult Day Care Services ("Golden Age") as the garnishee, and serving the notice of wage garnishment on Dallin.  When neither Dallin nor Golden Age answered or responded to the wage garnishment, Broadmoor filed a motion to show cause on June 19, 2015 asking the trial court to hold Golden Age in contempt of the wage garnishment order.  The trial court issued a June 26, 2015 order directing a representative of Golden Age to appear at a July 31, 2015 hearing and show cause why Golden Age should not be held in contempt.  On the date of the scheduled show cause hearing, neither Dallin nor a representative of Golden Age appeared.

{¶ 4}   At Broadmoor's request, the trial court issued a capias warrant on September 24, 2015 for Dallin, though we note the capias does not appear in our record. Subsequently, on October 26, 2015, Dallin filed a motion to vacate the capias and award attorney fees, arguing (1) the capias did not appear in the trial court's online docket or in the hard copy case file maintained by the Franklin County Clerk of Courts, (2) the court's order from June 26, 2015 did not order Dallin, specifically, to appear at the hearing, just an unnamed representative of Golden Age, and (3) the June 26, 2015 order contained an incorrect address for Dallin, thus raising a possible service issue.  Broadmoor did not file a response to Dallin's motion to vacate the capias.  In a December 1, 2015 order, the trial court granted Dallin's motion to vacate the capias and to award attorney fees.

### B. Creditor's Bill

{¶ 5} On November 2, 2015, while the wage garnishment was pending, Broadmoor filed a creditor's bill under the same case number, and Dallin filed an answer on November 4, 2015. Broadmoor then filed a formal motion requesting a hearing on the creditor's bill on March 12, 2016. Ultimately, on June 3, 2016 the trial court sua sponte struck the creditor's bill and found moot Broadmoor's motion to schedule a hearing on the creditor's bill.

### C. Garnishment of Property Other Than Personal Earnings and Related Filings

{¶ 6} On March 8, 2016, Broadmoor filed an order and notice of garnishment of property other than personal earnings against Dallin, listing the city's Treasurer's Office as the garnishee and seeking "any and all funds due to Mohamud Dallin d/b/a Golden Age Day Care Services." However, when Broadmoor filed its notice to Dallin, the judgment debtor, Broadmoor filed a notice of wage garnishment rather than a notice of garnishment of property other than personal earnings. Dallin filed a request for a garnishment hearing, alleging improper service and "any other defenses applicable to this matter." (Mar. 28, 2016 Request for Hearing.) On April 5, 2016, the city answered the garnishment and deposited $41,493.21 with the clerk of courts.

{¶ 7} On April 12, 2016, the magistrate conducted a hearing on the March 8, 2016 order and notice of garnishment of property other than personal earnings.[1] In an April 29, 2016 decision, the magistrate concluded (1) the garnishment filed March 8, 2016 was defective due to Broadmoor's failure to strictly comply with the notice provisions for garnishment of personal property other than personal earnings provided in R.C. Chapter 2716, and (2) the garnishment was void because it was issued to the city, which was administering a state obligation. The magistrate ordered the clerk of courts to release the $41,493.21 deposited in this matter back to the city.

{¶ 8} On May 13, 2016, Broadmoor filed objections to the magistrate's decision and Dallin filed a response to the objections on May 19, 2016. In a June 1, 2016 judgment entry, the trial court overruled Broadmoor's objections and adopted the magistrate's

---

[1] Neither party ordered a transcript of the hearing before the magistrate, and thus there is no transcript of this hearing in our record. Both Broadmoor and Dallin filed post-hearing briefs with the trial court.

decision of April 29, 2016, ordering "(1) The Garnishment filed on March 8, 2016 was defective; (2) The Notice given to defendant Dallin failed to meet the strict requirement of the statute; (3) The Garnishment was issued to the City of Columbus who was administering a state obligation and was therefore void;" and (4) ordering the clerk of courts to release the $41,493.21 deposited with the court back to the city. (June 1, 2016 Jgmt. Entry.)

### D. Contempt

{¶ 9}   On March 12, 2016, Broadmoor filed a motion to hold Dallin in contempt, alleging Dallin perjured himself in his deposition and that the alleged perjury renders Dallin in contempt for Golden Age's failure to file an answer to the October 23, 2014 garnishment order. The trial court ultimately denied that motion in a June 3, 2016 decision and entry.

### E. Attorney Fees

{¶ 10} In a December 1, 2015 order, the trial court granted Dallin's motion to vacate the capias and to award attorney fees. Broadmoor subsequently filed several motions including a motion to vacate the trial court's order vacating the capias, a motion to compel discovery, a motion for a protective order, and a motion for attorney fees. Dallin opposed each of these motions and sought the award of additional attorney fees related to Broadmoor's filing of the motion to vacate the trial court's vacation of the capias. In a February 26, 2016 decision and entry, the trial court denied each of Broadmoor's motions and granted Dallin's request for additional attorney fees.

{¶ 11} On April 21, 2016, the magistrate issued a decision determining the amount of attorney fees Broadmoor owed to Dallin. The magistrate awarded Dallin $1,268.50 in attorney fees related to the trial court's order to vacate the capias plus $4,130.00 in attorney fees and sanctions related to Broadmoor's "frivolous" motion to vacate the trial court's order vacating the capias. Broadmoor filed objections to the magistrate's decision and Dallin responded and requested additional attorney fees related to counsel's work in responding to Broadmoor's objections.

{¶ 12} On June 3, 2016, in addition to ruling on the motion for contempt and the creditor's bill, the trial court adopted the magistrate's April 21, 2016 decision awarding attorney fees, and granted Dallin's motion for attorney fees related to his response to

Broadmoor's objections to the magistrate's decision. In a separate order dated June 6, 2016, the trial court ordered a hearing before a magistrate to determine the appropriate amount of attorney fees awarded in its June 3, 2016 decision and entry.

### F. Additional Filings

{¶ 13} While the parties were awaiting the garnishment hearing related to Broadmoor's March 8, 2016 order and notice of garnishment, Broadmoor continued to file orders and notices for garnishment of property other than personal earnings. On April 4, 2016, Broadmoor filed an order and notice of garnishment of property other than personal earnings against Dallin, listing Huntington National Bank as the garnishee. That same day, Broadmoor filed an order and notice of garnishment of property other than personal earnings against Dallin, listing the Columbus City Auditor as the garnishee and seeking "any and all funds due to Mohamud Dallin d/b/a Golden Age Day Care Services."

{¶ 14} After the magistrate issued its April 29, 2016 decision finding the March 8, 2016 garnishment defective and void, Broadmoor filed yet another order and notice of garnishment of property other than personal earnings against Dallin on May 5, 2016, again listing the Columbus City Auditor as the garnishee, and again seeking "any and all funds due to Mohamud Dallin d/b/a Golden Age Day Care Services." The city filed an answer on May 18, 2016, stating it had $84,025.59 in "funds for services" subject to the May 5, 2016 garnishment order. The duty magistrate continued the hearing on the matter to June 7, 2016.

### G. Notice of Appeal

{¶ 15} On June 7, 2016, Broadmoor filed a notice of appeal, appealing from the trial court's June 1, 2016 judgment entry and the trial court's June 3, 2016 decision and entry.

## II. Assignments of Error

{¶ 16} Broadmoor assigns the following errors for our review:

> [1.] The trial court erred in holding that the appellant's other than wage garnishment filed on March 8, 2016, was defective as the appellee was afforded due process.

> [2.] The trial court erred in ruling that the city of Columbus is not subject to the appellant's other than wage garnishment

because the city is not a "person" and because the city was "administering a state obligation."

[3.] The trial court erred in dismissing the appellant's creditor's bill.

[4.] The trial court erred in refusing to find appellee in contempt.

[5.] The trial court erred in permitting Dallin to move for sanctions against appellant and its counsel because Dallin is operating under an unregistered, fictitious name.

[6.] The trial court erred in permitting Dallin to propound discovery, post-judgment, and to use same in connection with his motion for sanctions against appellant and its counsel.

[7.] The trial court erred in adopting magistrate Harilstad's April 21, 2016, decision awarding sanctions and attorney fees against appellant and its counsel as no contract of employment between Dallin and Weiss was introduced into evidence, no hourly rate was specified and Dallin did not testify.

## III.   First Assignment of Error – Garnishment of Property Other Than Personal Earnings Notice

{¶ 17} In its first assignment of error, Broadmoor argues the trial court erred in concluding the garnishment of property other than personal earnings proceedings were fatally defective for Broadmoor's failure to strictly comply with the notice provisions of R.C. 2716.13(C).

{¶ 18} Broadmoor does not dispute that it provided Dallin with improper notice. Instead of providing Dallin with notice of a garnishment of property other than personal earnings, Broadmoor mistakenly provided Dallin with notice of a wage garnishment. Despite its admitted error in providing notice, Broadmoor argues the trial court erroneously concluded the garnishment statutes require strict compliance and instead argues substantial compliance is sufficient.

{¶ 19} Statutory interpretation is a question of law subject to de novo appellate review. *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13. A court's duty is to give effect to the words used in a statute, not to delete or insert words. *State v. Maxwell*,

95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 20} "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955); R.C. 2716.01(B) (stating a judgment creditor, after obtaining a judgment, may garnish property other than personal earnings of a judgment debtor only through a proceeding in garnishment and only in accordance with R.C. Chapter 2716). *See also* R.C. 2715.091(B) (stating "[g]arnishment of property other than personal earnings of a person against whom judgment has been entered may be granted only pursuant to Chapter 2716"). Relying on *Doss*, the trial court concluded a judgment creditor must strictly comply with the notice provisions outlined in R.C. 2716.13.

{¶ 21} R.C. 2716.13(C) governs the filing of a proceeding in garnishment of property other than personal earnings. Specifically, R.C. 2716.13(C)(1)(a) provides "[t]he notice to the judgment debtor that must be served upon the judgment debtor shall be in *substantially* the following form," and then lists the requirements for statutorily sufficient notice. (Emphasis added.) Thus, while *Doss* directs we strictly construe the garnishment statutes, the plain language of R.C. 2716.13 calls for substantial compliance with the notice provided to the judgment debtor. To the extent Broadmoor argues the trial court ignored the plain language of the statute when it determined it must strictly construe the garnishment proceedings, we note the magistrate's decision, which the trial court subsequently adopted, highlighted this same provision of the statute calling for notice in substantially the form outlined in the statute. The issue before us, then, is whether the notice Broadmoor provided to Dallin substantially complied with the requirements of R.C. 2716.13(C).

{¶ 22} We again look to the plain language of the statute to determine whether the notice issued substantially complied with the requirements of adequate notice for a garnishment of property other than personal earnings. In outlining the type of notice that

must be served upon the judgment debtor, R.C. 2716.13(C)(1)(a) calls for notice in substantially the following form:

"(Name and Address of the Court)

(Case Caption) ...... Case No. ......

NOTICE TO THE JUDGMENT DEBTOR

You are hereby notified that this court has issued an order in the above case in favor of (name and address of judgment creditor), the judgment creditor in this proceeding, directing that some of your money in excess of four hundred dollars, property, or credits, other than personal earnings, that now may be in the possession of (name and address of garnishee), the garnishee in this proceeding, be used to satisfy your debt to the judgment creditor. This order was issued on the basis of the judgment creditor's judgment against you that was obtained in (name of court) in (case number) on (date). Upon your receipt of this notice, you are prohibited from removing or attempting to remove the money, property, or credits until expressly permitted by the court. Any violation of this prohibition subjects you to punishment for contempt of court.

The law of Ohio and the United States provides that certain benefit payments cannot be taken from you to pay a debt. Typical among the benefits that cannot be attached or executed upon by a creditor are the following:

(1)  Workers' compensation benefits;

(2)  Unemployment compensation payments;

(3) Cash assistance payments under the Ohio works first program;

(4) Benefits and services under the prevention, retention, and contingency program;

(5) Disability financial assistance administered by the Ohio department of job and family services;

(6)  Social security benefits;

(7)  Supplemental security income (S.S.I.);

(8)  Veteran's benefits;

(9)  Black lung benefits;

(10)  Certain pensions.

There may be other benefits not included in the above list that apply in your case.

If you dispute the judgment creditor's right to garnish your property and believe that the judgment creditor should not be given your money, property, or credits, other than personal earnings, now in the possession of the garnishee because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form, appearing below, or in a substantially similar form, and delivering the request for hearing to this court at the above address, at the office of the clerk of this court no later than the end of the fifth business day after you receive this notice. You may state your reasons for disputing the judgment creditor's right to garnish your property in the space provided on the form; however, you are not required to do so. If you do state your reasons for disputing the judgment creditor's right, you are not prohibited from stating any other reason at the hearing. If you do not state your reasons, it will not be held against you by the court, and you can state your reasons at the hearing. NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or credits, other than personal earnings, in the possession or control of the garnishee, if any, that can be used to satisfy all or part of the judgment you owe to the judgment creditor.

If you request a hearing by delivering your request for hearing no later than the end of the fifth business day after you receive this notice, it will be conducted in ...... courtroom ......, (address of court), at ....m. on ......, ...... You may request the court to conduct the hearing before this date by indicating your request in the space provided on the form; the court then will send you notice of any change in the date,

> time, or place of the hearing. If you do not request a hearing by delivering your request for a hearing no later than the end of the fifth business day after you receive this notice, some of your money, property, or credits, other than personal earnings, will be paid to the judgment creditor.
>
> If you have any questions concerning this matter, you may contact the office of the clerk of this court. If you want legal representation, you should contact your lawyer immediately. If you need the name of a lawyer, contact the local bar association.
>
> ..............................
>
> Clerk of the Court
>
> ..............................
>
> Date"

R.C. 2716.13(C)(1)(a).

{¶ 23} By contrast, the notice Broadmoor served on Dallin in an attempt to notify Dallin of a garnishment of property other than personal earnings stated as follows:

> NOTICE TO THE JUDGMENT DEBTOR
>
> You are hereby notified that this court has issued an order in the above case in favor of Broadmoor Center, LLC, the judgment creditor in this proceeding, directing that some of your personal earnings be used in satisfaction of your debt to the judgment creditor instead of being paid to you. This order was issued on the basis of the judgment creditor's judgment against you that was obtained against you or certified in the FRANKLIN COUNTY COMMON PLEAS COURT in the above reference case number on December 22, 2009.
>
> The law of Ohio provides that you are entitled to keep a certain amount of your personal earnings free from the claims of creditors. Additionally, wages under a certain amount may never be used to satisfy the claims of creditors. The documents entitled "ORDER AND NOTICE OF GARNISHMENT AND ANSWER OF EMPLOYER" that are enclosed with this notice show how the amount proposed to be taken out of your personal earnings was calculated by your employer.

If you dispute the judgment creditor's right to garnish your personal earnings and believe that you[] are entitled to possession of the personal earnings because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form, supplied herewith, in a substantially similar form, and delivering the request for hearing to this court at the above address, at the office of the clerk of court, no later than the end of the fifth business day after you receive this notice. You may state your reasons for disputing the judgment creditor's right to garnish your personal earnings in the space provided on the form; however, you are not required to do so. If you do state your reasons for disputing the judgment creditor's right, you are not prohibited from stating any other reasons at the hearing. If you do not state your reasons, it will not be held against you by the court and you can state your reasons at the hearing. <u>NO OBJECTION TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING</u>. The hearing will be limited to a consideration of the amount of personal earnings, if any, that can be used in satisfaction of the judgment you owe to the judgment creditor.

If you request a hearing by delivering your request for hearing no later than the end of the fifth business day after you[] received this notice, it will be conducted no later than twelve (12) days after your request is received by the court, and the court will send you notice of the date, time and place. You may indicate in the form that you believe the need for the hearing is an emergency and it should be given priority by the court. If you do so, the court will schedule the hearing as soon as practicable after your request for hearing is received and will send you notice of the date, time and place. If you do not request a hearing by delivering your request for hearing not later than the end of the fifth business day after you receive this notice, some of your personal earnings will be paid to the judgment creditor.

If you have any questions concerning this matter, you may contact the office of the clerk of this court at (614) 525-4208. If you want legal representation, you should contact your lawyer immediately. If you need the name of an attorney, contact the local bar association or if you can not afford any attorney you should contact the Legal Aid and Defender Society. THE JUDGES, OR THE CLERK, CAN NOT GIVE

LEGAL ADVICE, NOR CAN THEY ACT AS YOUR ATTORNEY.

(Mar. 28, 2016 Notice to the Jgmt. Debtor.)

{¶ 24} Comparing the notice provided to Dallin with the statutory requirements outlined in R.C. 2716.13(C)(1)(a), we agree with the trial court that the notice provided to Dallin is "strikingly different" than what the statute requires. (Apr. 29, 2016 Mag. Decision at 9.) The notice provided to Dallin refers to garnishment of personal earnings repeatedly and never mentions garnishment of property other than personal earnings. Additionally, the notice provided to Dallin does not mention the ten types of benefits R.C. 2716.13(C)(1)(a) specifically exempts from garnishment.

{¶ 25} Though Broadmoor admits the first page of the notice provided to Dallin erroneously referred to wage garnishment proceedings, Broadmoor argues the notice nonetheless substantially complied with R.C. 2716.13(C)(1)(a) because the second page of the notice containing a request for a hearing specifically stated the requested hearing was for garnishment of property other than personal earnings. While we agree with Broadmoor that the request for hearing form provided to Dallin complied with R.C. 2716.13(C)(1)(b), we nonetheless conclude that Broadmoor's compliance with R.C. 2716.13(C)(1)(b) does not excuse its failure to substantially comply with R.C. 2716.13(C)(1)(a). Garnishment of personal earnings and garnishment of property other than personal earnings are two separate, distinct processes. The notice provided to Dallin did not substantially comply with the notice contemplated in R.C. 2716.13(C)(1)(a). Accordingly, we agree with the trial court that Broadmoor's failure to substantially comply with the notice requirements for garnishment of property other than personal earnings rendered the proceedings void.

{¶ 26} We overrule Broadmoor's first assignment of error.

## IV. Second Assignment of Error – The City as Garnishee

{¶ 27} In its second assignment of error, Broadmoor argues the trial court erred in concluding the garnishment was void because the city is not a "person" as defined in R.C. Chapter 2716.

{¶ 28} In its June 1, 2016 judgment entry adopting the magistrate's findings of fact and conclusions of law, the trial court determined the garnishment was defective and void

on alternative grounds: first, that the notice provided to the judgment debtor was defective, and second, that the city was not a "person" capable of garnishment as authorized by R.C. 2716.01(B). Having already determined in our first assignment of error that Broadmoor provided defective notice and thus the proceedings were void, we need not consider the merits of Broadmoor's second assignment of error related to whether the city is a person within the meaning of R.C. 2716.01(B). Thus, we render moot Broadmoor's second assignment of error.

## V.  Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error – Final Appealable Order

{¶ 29} Broadmoor's third, fourth, fifth, sixth, and seventh assignments of error all relate to the trial court's June 3, 2016 decision and entry. Before we can reach the merits of the third, fourth, fifth, sixth, and seventh assignments of error, we must address whether Broadmoor has appealed from a final appealable order. Although the parties have not raised the issue of whether the June 3, 2016 decision and entry is a final appealable order, an appellate court may raise jurisdictional questions sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 30} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. " ' "[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. The Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 31} R.C. 2505.02 defines a final order and provides, in pertinent part:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 32} Civ.R. 54(B) provides as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all

of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 33} When the court enters judgment on some but not all of the claims in a multi-claim action, in the absence of express Civ.R. 54(B) language an appellate court may not review an order disposing of fewer than all claims. *Moore v. Gross,* 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12. Here, when Dallin filed his response to Broadmoor's objections to the magistrate's April 21, 2016 decision, Dallin requested additional attorney fees. Pursuant to Dallin's request, the trial court determined in its June 3, 2016 decision and entry that Dallin is entitled to additional fees, but it did not determine the amount of fees Dallin would be awarded and instead stated it would specifically "issue a separate Order referring this matter to Magistrate Harildstad for a hearing to determine appropriate fees in this regard." (June 3, 2016 Decision & Entry at 4.) This court has previously determined that a request for attorney fees filed in response to objections to a magistrate's decision in a garnishment proceeding is intertwined with the merits of the action and is a "claim" within the meaning of Civ.R. 54(B). *Columbus v. Moses*, 10th Dist. No. 12AP-266, 2012-Ohio-6199, ¶ 11. As in *Moses*, although Civ.R. 54(B) language arguably would have permitted review of the underlying action, apart from fees, the trial court's June 3, 2016 decision and entry does not include Civ.R. 54(B) language. *Id.*

{¶ 34} Thus, pursuant to *Moses*, because the trial court disposed of fewer than all of the claims for relief by reserving the issue of the amount of attorney fees for a later hearing and did not include Civ.R. 54(B) language, no part of the June 3, 2016 order appealed is final. *Moses* at ¶ 12, citing *Internatl. Bhd. Of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 8, citing *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 6; *see also Green v. Germain Ford of Columbus, LLC*, 10th Dist. No. 08AP-920, 2009-Ohio-5020, ¶ 24-26 (holding the

trial court's judgment was not final and appealable since the issue of attorney fees was unresolved and the judgment entry contained no Civ.R. 54(B) language).  Accordingly, we must dismiss the portion of the appeal related to the trial court's June 3, 2016 decision and entry for lack of a final appealable order.

## VI.  Disposition

{¶ 35} Based on the foregoing reasons, the trial court did not err in determining the proceedings related to the garnishment of property other than personal earnings were void due to the defective notice issued to the judgment debtor.  Our disposition of Broadmoor's first assignment of error rendered Broadmoor's second assignment of error moot.  The trial court's June 1, 2016 order is affirmed.  Additionally, because the June 3, 2016 decision and entry is not a final appealable order, we are compelled to dismiss the portion of Broadmoor's appeal related to that decision and entry, so we do not reach the merits of Broadmoor's third, fourth, fifth, sixth, and seventh assignments of error.

*June 1, 2016 judgment affirmed;*
*appeal dismissed as to June 3, 2016 judgment.*

KLATT and HORTON, JJ., concur.