**STATE ex CASH et v ROSE, Judge**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3035.  Decided May 4, 1939.

E. O. Ricketts, Columbus, for relator.
Baldwin & Nolan, Columbus, for respondent.

**OPINION**

BY THE COURT:

This is an action in which the relators ask that a writ of mandamus issue commanding Clayton W. Rose as Judge of the Court to approve a certain entry which was submitted to the Court by the relator and not approved.  The entry without the caption is:

"By agreement of parties this cause is dismissed without record and all restraining orders theretofore issued are hereby dissolved.
(Signed) by Lena Cash, plaintiff, and
   Lawrence Cash, defendant."

The relators having made application for the allowance of the writ this Court ordered that the Court immediately approve the entry or show cause why he has not done so by the 8th day of April, 1939.

On the 7th of April, 1939, the respondent, Judge Rose, files an answer admitting allegations of the petition, among them being that he did not sign the entry and his answer states the reason for not doing so, to the following effect: that on the 11th day of

July, 1938, Lena Cash as plaintiff represented by Baldwin & Nolan filed a divorce and alimony action against her husband and several other defendants who, it was alleged, had money in their possession due and owing to her husband; that at the time the petition was filed a motion was also filed asking that the defendant be required to pay to the plaintiff a reasonable amount for the support of the plaintiff and minor children during the pendency of the action, and the defendant also be required to pay a further amount as expense money for plaintiff's attorney, and it is further stated that the court on August 18th made, among other orders, the following:

"It is further ordered that the defendant pay to the plaintiff for her attorney, Baldwin & Nolan the sum of $50.00 as expense money, said amount to be paid forthwith through Baldwin & Nolan, attorneys."

Respondent further states that said order was made on the application of the plaintiff and entered long previous to the reconciliation of the parties and the submission of the dismissal order and that the same has not been complied with.

Respondent further alleges that upon the filing of the original petition for divorce a restraining order was issued against various defendants restraining them from paying to defendant (the husband) any money due or owing to him; that among the defendants was The Prudential Life Insurance Company of America which filed an answer stating that it held in its possession the sum of $191.00 due and owing to the defendant and that said money is still in the hands of the insurance company.

It is further stated that by reason of the failure of the defendant to abide by this court's orders as regards expense money the attorneys for the plaintiff refuse to approve the order submitted, dismissing the action and dissolving the restraining order and objected to said action being dismissed and for a further answer respondent says that said dismissal entry does not provide for the payment of costs and that previous to the filing of the mandamus action plaintiff's attorney filed a motion asking for an order requiring the insurance company to pay them the sum of $50.00, and that after the submission of said dismissal order the plaintiff filed a motion asking that the motion of the attorneys be stricken from the files and said motion has not been decided. The other allegations are denied. Plaintiffs demur to the answer because it does not state facts sufficient to constitute a cause of action. Respondent moves the Court for an order for judgment on the pleadings, dismissing the petition and disallowing the writ of mandamus.

Summarizing the whole matter, Mrs. Cash sues her husband for divorce and in the proceedings asked for an order of the court allowing her certain sums for the support of her children and to pay her attorneys' fees. Such an order was made. One defendant answered admitting that it had $200.00 in its possession due to the defendant. Apparently nothing was done by the plaintiff to sequester any part of this amount and apply it to the allowance of the $50.00 attorneys' fees, except the filing of the motion above noted.

The first question raised by the respondent is upon the motion for judgment on the pleadings, and the question as to the right of the plaintiff to a writ of mandamus is raised.

Sec. 12283, GC, defines the writ:

"Mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station."

Sec. 12285, GC, provides that:

"The writ may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its

functions, but it can not control judicial discretion."

The cases defining the rights of parties in mandamus proceedings are multitudinous.

"Mandamus will lie to compel the performance of an act which is clearly shown to be especially enjoined by law as a duty resulting from an office, trust or station. But will not lie to control discretion * * *." **Board of Education v Wickham, 80 Oh St 133.**

When a suit in mandamus seeks to require a public officer to perform the duty imposed by law the relator has no adequate remedy unless a legal remedy other than mandamus will require the officer to perform the specific act which the law requires the officer to do. **State ex rel v Dean, 95 Oh St 108, at p. 123.**

Mandamus will not lie to control judicial discretion for the judicial determination of an issue by an inferior court, but will lie to compel the exercise of such discretion and the exercise of judicial functions conferred by law upon such inferior tribunals. **State ex rel v Bristline, Judge, 96 Oh St 581.**

Mandamus is a writ commanding a party officially to perform an act which the law enjoins as a duty resulting from an office and will issue only when it is clearly shown that there is a plain dereliction of such duty. **State ex rel v Board of Education, 104 Oh St 360.**

In order to obtain the relief sought the relator must disclose a case wherein no discretion is imposed upon the respondents in the performance of the duty; if discretion is imposed such can not be controlled by a writ of mandamus and the plain dereliction of duty must be established by the relator. **State ex rel v Ohio State University, 126 Oh St 290.**

Mandamus is an extraordinary writ and will not lie unless the claimant can establish a clear legal right thereto. **State ex rel v Commission, 130 Oh St 77, at p. 81.** See also **State ex rel v Manton, Judge, 11 Oh Ap 364.**

The initial question then is as to whether or not the writ issued requires the respondent to perform a duty clearly imposed upon him by law and that the relator has no other adequate remedy. It is suggested that in the case at bar the plaintiff in the divorce action should appeal from the order of the court and that such proceedings would afford her an adequate remedy.

It occurs to us that by the machinery of the court long established and consistently followed a ministerial duty was imposed upon the court to approve an entry in order that the rights of the litigant may be properly spread upon the journal. The question of course immediately follows as to whether this plaintiff in the divorce case has a right to have the entry approved and whether such approval is purely ministerial or whether it involves "judicial discretion". If it involves judicial discretion the writ may not be allowed to compel its exercise by the Judge.

Sec. 11586, GC, provides:

"An action may be dismissed without prejudice to a future action:

1. By the plaintiff before its final submission to the jury, or to the court when the trial is by the court."

2, 3, 4 and 5 relate to dismissals by the court; 6 relates to a dismissal by the plaintiff in vacation "on payment of costs" in which event the clerk shall make the entry whereupon the dismissal shall take effect. In all other cases the decision must be on the merits upon the trial of the action. It will at once be observed that under at least two of the sub-heads, to-wit, Nos. 1 and 6, the action may be dismissed by the plaintiff. Sub-head No. 1 says nothing about costs. In No. 6, where the court is in vacation the dismissal is made by the clerk upon payment of costs. In the instant case the Court was not in vacation.

We arrive at the conclusion that under the dismissal statute the action may be dismissed without prejudice to a new action by the plaintiff. The reason for the Court's refusal to

558

endorse the entry was the disregard of the order that the defendant pay to the plaintiff or her attorneys the sum of $50.00. As to this order and its disobedience it may be pointed out that it is addressed to the defendant requiring him to pay the plaintiff the expense money, whereas the dismissal is sought in the name of both plaintiff and defendant. Whatever the defendant husband may have done in failure to pay, that dereliction did not apply to the plaintiff because she did not have any money with which to pay and was not ordered to pay. It does not appear from the pleadings that money was paid by the defendant to the plaintiff for the purpose of paying her attorneys and that she has refused or neglected to use it for that purpose. For all that appears in the pleadings the plaintiff never has had any money from her husband with which to discharge the obligation to her attorneys. There was no showing of contumaciousness on the part of the plaintiff.

This leads us in passing to say that in our judgment it would frequently work a hardship if an order has been made by the Court for the defendant to pay money to the plaintiffs' attorney, or even for the plaintiff to pay money to her attorneys and the failure to pay such money is made the basis for a refusal to permit the parties to compromise their differences and to get out of court. In the present case it appears that there are children. The care of children by the united family is a matter that appeals more strongly to us than the payment of attorneys' fees, especially where the attorney has had an opportunity to collect from a responsible party who admits that he owed the defendant money and has apparently neglected or at least delayed the collection of money from that source.

As Judges who have formerly been practicing attorneys, we are sympathetic with the attorney who had done valuable legal services and then is deprived of his proper compensation by the parties compromising their differences, leaving the attorney in the lurch so far as his fees are concerned. However, we must decide the case according to the law and not according to our natural feeling of comradeship toward attorneys.

As before stated the plaintiff has violated no order of the court and we think has a right to exercise the discretion given en to her under §11586, GC, to dismiss her action before its final submission to the court, unless some rights have intervened by virtue of the orders of the court entered before the attempted dismissal which give other rights superior to the statutory right of the plaintiff to dismiss her action.

We have examined cases cited in §11586, GC, and find none directly controlling although it is held in Railway v Burke, 54 Oh St 98, that the only dismissal of an action which a plaintiff has power to make without leave of the court is a dismissal without prejudice, which feature is not involved. We have had called to our attention the cases of Black v Stewart, 28 O. C. A. 433; DeWitt v DeWitt, 67 Oh St 340; Yoder v Yoder, 105 Wash. Rep. 491, (178 Pac. 474); Bell v Bell, 214 Ala. 573, (103 So. 375); 19 C. J., p. 233. From an examination of these authorities and from a consideration of the law as we deem it applicable, we arrive at the conclusion that the court below has no right to deny to the plaintiff the right to dismiss the case as provided by the statute; that the duty of the court is ministerial only in approving the entry and that the action in mandamus will lie to compel the court to perform its ministerial duty.

Motion for judgment overruled. Demurrer to answer sustained. Ten days leave to file amended answer. If not filed, writ made permanent.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.