[Cite as *Dyer v. Schwan's Home Serv., Inc.*, 2017-Ohio-4139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Douglas Dyer et al., | : | |
| Plaintiffs-Appellants/<br>Cross-Appellees, | : | |
| | : | No. 16AP-574 |
| v. | | (C.P.C. No. 16JG-20111) |
| Schwan's Home Service, Inc. et al. | : | (REGULAR CALENDAR) |
| Defendants-Appellees/<br>Cross-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on June 6, 2017

**On brief:** *Scott Elliot Smith, L.P.A.*, and *Scott E. Smith*; *Paul W. Flowers Co., L.P.A.*, and *Paul W. Flowers*, for appellants/cross-appellees. **Argued:** *Paul W. Flowers.*

**On brief:** *Reminger Co., L.P.A.*, *Michael J. Valentine*, and *Melvin J. Davis*, for appellees/cross-appellants. **Argued:** *Melvin J. Davis.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiffs-appellants/cross-appellees, Douglas and Brenda Dyer ("the Dyers"), appeal from a July 21, 2016 judgment of the Franklin County Court of Common Pleas granting a motion to stay a garnishment proceeding against defendant-appellant/cross-appellant Schwan's Home Service, Inc. ("Schwan's") and ordering the return of the garnished funds to Schwan's. Schwan's and defendant-appellee/cross-appellant Debra Rosencrans Roberts ("Roberts") cross-appeal from the same judgment. For the reasons that follow, we reverse.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  Schwan's is a corporation with a principal place of business in Minnesota and a business presence in Ohio.  On December 17, 2007, Roberts, while in the course and scope of her employment with Schwan's, drove a Schwan's delivery truck into a vehicle operated by Douglas Dyer.  Douglas Dyer suffered injuries in the accident.  On December 15, 2009, the Dyers commenced a personal injury action against Schwan's and Roberts in the common pleas court.  A Franklin County jury found Roberts and Schwan's liable to the Dyers and awarded damages of $10,988,793.11.  On June 8, 2016, Judge Stephen L. McIntosh issued a judgment entry journalizing the jury verdict in favor of the Dyers in the total amount of $10,988,793.11 plus court costs.  *See Dyer v. Ohio Bur. of Workers' Comp.*, Franklin C.P. No. 09CVC-18581 (June 8, 2016) ("civil action").  The June 8, 2016 judgment entry indicates that it is not a final, appealable order.  On June 9, 2016, the Dyers filed a motion for prejudgment interest pursuant to R.C. 1343.03(C).  On July 7, 2016, Schwan's and Roberts (hereinafter, collectively "Schwan's") filed a motion for judgment notwithstanding the verdict and a motion for new trial or remittitur.  These post-trial motions remain pending.

{¶ 3}  The Dyers commenced a separate garnishment proceeding in the common pleas court on June 16, 2016.  The matter was assigned to Judge David Young.  *Dyer v. Schwan's Home Serv., Inc.*, Franklin C.P. No. 16JG-20111 ("the garnishment action").  On July 5, 2016, the Dyers obtained notices and orders of garnishment of certain funds held in Schwan's financial accounts.  On July 13, 2016, Schwan's filed a request for a hearing as to each of the orders of garnishment issued by the trial court.  Beginning July 26, 2016, the garnishees filed answers to the notices of garnishment and made deposits of garnished funds with the Franklin County Clerk of Courts ("clerk") pursuant to the trial court's July 5, 2016 orders.  The clerk received total deposits of $7,856,007.62.

{¶ 4}  On July 14, 2016, Schwan's filed a motion, pursuant to Civ.R. 62(A), seeking a stay of enforcement of the judgment issued in the civil action.[1]  On July 19, 2016,

---

[1] Civ.R. 62(A) provides as follows: "In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of any judgment or stay any proceedings to enforce judgment pending the disposition of a motion for a new trial * * * or of a motion for judgment notwithstanding the verdict."  Civ.R. 62 does not provide for a stay pending the disposition of a motion for prejudgment interest.

Schwan's filed a motion seeking a stay of proceedings in the garnishment action. Judge McIntosh granted the July 14, 2016 motion to stay enforcement of judgement in the civil action on July 21, 2016. The order prohibits the Dyers from "executing or taking any actions relating to the June 8, 2016 judgment entry and the June 2, 2016 jury verdict." (July 21, 2016 Jgmt. Entry at 2.) Schwan's subsequently filed a motion to dismiss the garnishment proceeding on July 21, 2016 and attached to the motion a copy of Judge McIntosh's July 21, 2016 decision and entry staying enforcement of the judgment in the civil action.

{¶ 5} On August 5, 2016, Judge Young issued a stay in the garnishment action conditioned on the posting of a supersedeas bond by Schwan's in an amount equal to the funds deposited with the clerk. In the August 5, 2016 entry, Judge Young ordered the clerk to return the previously garnished funds to Schwan's, but he did not dismiss the garnishment action.

{¶ 6} The Dyers timely appealed to this court from the August 5, 2016 entry granting a stay in the garnishment action.[2] Schwan's filed a cross-appeal from the same judgment claiming that Judge Young erred by failing to dismiss the garnishment action. Thus, both the appeal and cross-appeal pertain exclusively to Judge Young's August 5, 2016 order in the garnishment action.

## II. ASSIGNMENTS OF ERROR

{¶ 7} The Dyers assert the following as their sole assignment of error:

BECAUSE THE TRIAL COURT EXCEEDED THE JURISDICTIONAL AUTHORITY CONFERRED IN THIS GARNISHMENT ACTION UNDER R.C. CHAPTER 2716, THE ORDER THAT WAS ISSUED ON AUGUST 5, 2016 IS VOID *AB INITIO* AND THE PARTIES MUST BE RETURNED TO THE *STATUS QUO ANTE.*

{¶ 8} Schwan's asserts the following cross-assignment of error:

Because it is well-established that a party cannot execute upon a non-final judgment, the garnishment proceeding that was

---

[2] On September 2, 2016, after filing their direct appeal, the Dyers commenced an original action in this court seeking writs of mandamus and prohibition. On April 17, 2017, a magistrate of this court issued a decision recommending that this court deny the requested writs. *State ex rel. Dyer v. Young*, 10th Dist. No. 16AP-627 (Apr. 17, 2017). Relator's objections to the magistrate's decision are pending.

improperly initiated by appellants should have been dismissed without the requirement of supersedeas bond.

## III. STANDARD OF REVIEW

{¶ 9} In reviewing legislative enactments and interpreting statutory authority, an appellate court applies a de novo standard of review. *Broadmoor Ctr., LLC v. Dallin*, 10th Dist. No. 16AP-428, 2016-Ohio-8541; *Martin v. Martin*, 10th Dist. No. 13AP-171, 2013-Ohio-5703; *In re Adoption of W.C.*, 189 Ohio App.3d 386, 2010-Ohio-3688 (12th Dist.). "A court's duty is to give effect to the words used in a statute, not to delete or insert words." *Broadmoor Ctr.* at ¶ 19, citing *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

## IV. LEGAL ANALYSIS

### A. Schwan's Cross-Assignment of Error

{¶ 10} Because the cross-assignment of error disposes of this case, we will consider it first. In its cross-assignment of error, Schwan's argues that the trial court should have dismissed the Dyers' garnishment action because the judgment in the civil action was not a final order. We agree.

{¶ 11} "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955). Pursuant to R.C. 2716.01(B), a judgment creditor, after obtaining a judgment, may garnish property other than personal earnings of a judgment debtor only through a proceeding in garnishment and only in accordance with R.C. Chapter 2716. *Broadmoor Ctr.* at ¶ 20. *See also* R.C. 2715.091(B) ("Garnishment of property other than personal earnings of a person against whom judgment has been entered may be granted only pursuant to Chapter 2716.").

{¶ 12} In *Doss*, the judgment creditor, Doss, obtained a judgment against a daycare business funded by Franklin County Department of Job and Family Services

("FCJFS"). To satisfy the judgment, Doss sought to garnish monies FCJFS owed to the daycare business. The trial court ordered FCJFS, as garnishee, to answer and deposit "money, property, or credits" that it had in its possession belonging to the daycare business. *Id.* at ¶ 2. When FCJFS refused, the trial court held it in contempt of court. This court reversed the judgment of the trial court holding that FCJFS could not be cited for contempt of the garnishment order because the trial court was without statutory authority to garnish property in the possession of a political subdivision. *Id.* at ¶ 17.

{¶ 13} This court reasoned that, pursuant to R.C. 2716.01(B), a court may issue a garnishment order only against "property * * * in the possession of a person" and that FCJFS, as a political subdivision of the state, is not a "person" for purposes of the garnishment statute. *Id.* at ¶ 16, citing R.C. 1.59.[3] This court determined that because the trial court exceeded its statutory authority in issuing the garnishment order, the order was invalid. *Id.* at ¶ 18.

{¶ 14} In *Doss*, we determined that a garnishment order issued in absence of expressed statutory authority is invalid. This court reached the same conclusion in *Broadmoor Ctr.* In that case, the judgment creditor attempted to commence an action, pursuant to R.C. 2716.11, seeking to garnish property of the debtor other than wages. However, in so doing, the judgment creditor failed to comply with the notice requirements in the statute. This court determined that the "proceedings related to the garnishment of property other than personal earnings were void due to the defective notice issued to the judgment debtor." *Id.* at ¶ 35. In the *Broadmoor Ctr.* decision, this court noted that *Doss* directs this court to strictly construe garnishment statutes. *Broadmoor Ctr.* at ¶ 21.

{¶ 15} Here, the Dyers attempted to commence a garnishment proceeding pursuant to R.C. 2716.11. R.C. 2716.11 provides for commencement of a garnishment proceeding of property, other than personal earnings, as follows:

> A proceeding for garnishment of property, other than personal earnings, *may be commenced after a judgment has been obtained by a judgment creditor* by the filing of an

---

[3] R.C. 1.59 defines a "person" to include "an individual, corporation, business trust, estate, trust, partnership, and association."

> affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:
>
> (A) The name of the judgment debtor whose property the judgment creditor seeks to garnish;
>
> (B) A description of the property;
>
> (C) The name and address of the garnishee who may have in the garnishee's hands or control money, property, or credits, other than personal earnings, of the judgment debtor.

(Emphasis added.)

{¶ 16} Pursuant to R.C. 2716.01(C)(3), a "[j]udgment creditor" is defined as "a person who has obtained a judgment in a civil action against another person." A "[j]udgment debtor" is defined in R.C. 2716.01(C)(4) as "a person against whom a judgment has been obtained in a civil action." Civ.R. 54(A) defines a "judgment" as follows:

> Definition; Form. "Judgment" as used in these rules includes a decree and *any order from which an appeal lies as provided in section 2505.02* of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings.

(Emphasis added.)

{¶ 17} R.C. 2505.02 defines a "final order" in division (B)(1), in relevant part, as follows: "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 18} In *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, a jury returned a verdict in favor of plaintiff, who then filed a motion for an award of prejudgment interest. The defendant filed post-trial motions for judgment notwithstanding the verdict and a new trial. After the trial court denied defendant's motions but before the trial court decided the plaintiff's prejudgment interest motion,

defendant appealed.  The Sixth District Court of Appeals dismissed the appeal for lack of a final, appealable order.  The Supreme Court of Ohio accepted the case on the issue of "whether a journalized jury verdict is a final, appealable order when a motion for prejudgment interest has been filed and remains pending."  *Id.* at 474.  The Supreme Court determined that because of the pending motion for prejudgment interest, the journalized jury verdict did not constitute a final order as that term is defined in R.C. 2505.02.  Accordingly, the Supreme Court dismissed the appeal due to lack of a final, appealable order.[4]

{¶ 19} Applying *Miller* to the facts of this case leads us to the conclusion that the journalized jury verdict in the civil action is not a final order from which an appeal lies because the Dyers' motion for prejudgment interest remains pending.  R.C. 2505.02.  The filing of the motion for prejudgment interest deprived the June 8, 2016 order of finality. *Id.*  Because the jury verdict journalized by the trial court on June 8, 2016 is not a final order within the meaning of R.C. 2505.02, it is not a "judgment" as that term is defined in Civ.R. 54(A).  Because the journalized jury verdict in the civil action is not a "judgment," the trial court lacked statutory authority to issue a valid garnishment order in this case. *Doss*; *Broadmoor Ctr.  See also Nwabara v. Willacy*, 8th Dist. No. 71122 (Apr. 17, 1997) (trial court erred by failing to vacate a garnishment order where the underlying judgment for past due child support was not a final, appealable order due to the pending issues of permanent custody and support); *Aselage v. Lithoprint Ltd.*, 2d Dist. No. 23527, 2009-Ohio-7036, ¶ 28 (because the trial court's order granting summary judgment in favor of plaintiff was not a "judgment" within the meaning of Civ.R. 54(A), municipal court did not have statutory authority to order execution pursuant to R.C. 2329.02).

{¶ 20} The Dyers claim the holding of the Supreme Court in *Miller* has been abrogated by the 2014 amendment to App.R. 4(B).  We disagree.

{¶ 21} App.R. 4 provides, in relevant part, as follows:

> (A)  Time for appeal.

---

[4] In so holding, the court noted that a determination of prejudgment interest requires the meaningful exercise of the court's factfinding powers and discretion and is not just a ministerial task.  Because the journalized jury verdict did not dispose of the entire case, leaving nothing further for the trial court to decide, it is not a final order from which an appeal lies.  *Miller* at 475.

* * *

(2) [A] party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final--such as an order that merges into a final order entered by the clerk * * * shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final.

* * *

(B) Exceptions. The following are exceptions to the appeal time period in division (A) of this rule:

* * *

(2) Civil or juvenile post-judgment motion. In a civil case or juvenile proceeding, if a party files any of the following, if timely and appropriate:

* * *

(f) *a motion for prejudgment interest*, then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings. *If a party files a notice of appeal from an otherwise final judgment but before the trial court has resolved one or more of the filings listed in this division, then the court of appeals, upon suggestion of any of the parties, shall remand the matter to the trial court to resolve the post-judgment filings in question and shall stay appellate proceedings until the trial court has done so.*

(Emphasis added.)

{¶ 22} The 2014 amendment to App.R. 4(B)(2) added subsection (B)(2)(f), which creates an exception to the appeal time period in App.R. 4(A) for "a motion for prejudgment interest."[5] The staff note accompanying the 2014 amendment to App.R. 4(B)(2) reads, in relevant part, as follows:

> The amendments to App.R. 4(B)(2)(e) and 4(B)(2)(f) clarify that a timely and appropriate motion for attorney fees or

---

[5] The 2014 amendment also expanded subsection (B)(2) exceptions to include all post-trial motions for attorney fees, not just those brought pursuant to R.C. 2323.42. The remainder of subsection (B)(2)(f) was added in a prior amendment.

> prejudgment interest suspends the time to appeal. *The Supreme Court has held that the pendency of such a motion deprives a trial-court judgment of finality. See Miller v. First Intl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059 (prejudgment interest); *Intl. Bhd. of Elec. Workers, Loc. Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187 (attorney fees). But trial courts often enter judgment before parties file these types of post-trial motions, and during the window of time between the entry of that judgment and the filing of one of these motions, one of the parties may choose to appeal from an order that appears to be final at the time it was entered. The current amendments are designed to avoid the jurisdictional and procedural uncertainty that results from this situation. *Now, the appellate court has the authority to remand the matter for a ruling on the post-judgment motion, rather than dismissing the appeal.*

(Emphasis added.)

{¶ 23} The 2014 amendment to App.R. 4(B)(2) acknowledges the decision of the Supreme Court in *Miller.* The amended rule deviates from the *Miller* decision only to the extent that the amended rule requires the appellate court, on suggestion of any of the parties, to stay the appeal and remand the matter to the trial court for a ruling on the pending motion for prejudgment interest, rather than dismissing the appeal. Contrary to the Dyers' contention, the amendment does not abrogate the basic holding in *Miller* that a timely and appropriate motion for prejudgment interest deprives a journalized jury verdict of finality. The use of the term "otherwise final" in the amended rule and "appears to be final" in the staff notes evidences the continued viability of the *Miller* decision. In our opinion, the *Miller* decision is still the law of Ohio following the amendments to App.R. 4(B)(2).

{¶ 24} Because *Miller* remains the law in Ohio, we hold that the trial court did not have statutory authority to issue a valid garnishment order in this case. The journalized jury verdict in the civil action was not a final order and, therefore, not a "judgment" within the meaning of Civ.R. 54 and R.C. 2505.02. Because the journalized jury verdict here is not a "judgment" as that term is defined in Civ.R. 54(A) and R.C. 2505.02, no garnishment action under R.C. 2716.11 could lawfully commence. *See Doss*; *Broadmoor Ctr.*; *Nwabara.* Because the garnishment action was not properly commenced, the trial

court erred by failing to dismiss the garnishment action. *Aselage* at ¶ 29. Our holding in this case is consistent with the clearly expressed intent of the garnishment statutes at issue, the case law from this court demanding strict compliance with the relevant garnishment statutes, and the generally accepted view that "a non-final, interlocutory order is not capable of execution." *Id.* at ¶ 28, quoting *Nwabara.*

{¶ 25} For the foregoing reasons, we sustain Schwan's cross-assignment of error. Accordingly, we reverse the judgment of the trial court and remand the case for the trial court to issue an order vacating its August 5, 2015 order and dismissing the garnishment action.

### B. The Dyers' Appeal

{¶ 26} In their sole assignment of error, the Dyers argue that the trial court exceeded its statutory authority by staying the garnishment action and returning the funds previously deposited with the court. By sustaining Schwan's cross-assignment of error, however, we have determined that the trial court did not have statutory authority to issue a valid garnishment order because the judgment issued in the civil action was not a final order.

{¶ 27} App.R. 12(A)(1)(b) and (c) provides that this court shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs * * * [u]nless an assignment of error is made moot by a ruling on another assignment of error." Likewise, where our disposition of a cross-assignment of error renders moot the sole assignment of error raised by appellant, this court will dismiss the appeal as moot. *State v. Houston*, 10th Dist. No. 09AP-592, 2010-Ohio-4374, ¶ 19-20. Because we have previously determined that the garnishment action was not properly commenced and that the trial court should have dismissed the action, we need not determine whether the trial court erred by issuing a stay. Our ruling on Schwan's cross-assignment of error renders moot the Dyers' sole assignment of error. *Id.* at ¶ 19.

{¶ 28} Having determined that the Dyers' sole assignment of error is moot, we dismiss the Dyers' appeal as moot. *Id.* at ¶ 20.

### V. CONCLUSION

{¶ 29} Having sustained Schwan's cross-assignment of error and having dismissed Dyers' appeal as moot, we reverse the judgment of the Franklin County Court of Common

Pleas and remand this matter for the trial court to vacate its August 5, 2015 order and to issue an order dismissing the action.

*Judgment reversed*;
*cause remanded with instructions.*

DORRIAN and HORTON, JJ., concur.

_____