[Cite as *State ex rel. Dyer v. Young*, 2017-Ohio-7738.]

## THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Douglas and Brenda Dyer, | : | |
| | : | |
| Relators, | : | |
| | : | |
| v. | : | No. 16AP-627 |
| | : | |
| Hon. David C. Young<br>and | : | (REGULAR CALENDAR) |
| Schwan's Home Service, Inc.<br>and | : | |
| Debra Roberts, n.k.a. Debra Rosencrans, | : | |
| | : | |
| Respondents. | : | |
| | : | |

# D E C I S I O N

## Rendered on September 21, 2017

*Scott Elliot Smith, L.P.A.,* and *Scott E. Smith; Paul W. Flowers Co., L.P.A.,* and *Paul W. Flowers,* for relators.

*Ron O'Brien,* Prosecuting Attorney, and *Jason S. Wagner,* for respondent Honorable David C. Young.

*Reminger Co., L.P.A., Michael J. Valentine,* and *Melvin J. Davis,* for respondents Schwan's Home Service, Inc. and Debra Rosencrans Roberts.

IN PROHIBITION AND/OR MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relators, Douglas and Brenda Dyer, commenced this original action in prohibition and/or mandamus seeking an order compelling respondent, the Honorable

David C. Young, to vacate his August 5, 2016 order that stayed the garnishment action pending before him and required the return of certain funds previously garnished from Schwan's Home Service, Inc.'s, financial accounts pursuant to a July 5, 2016 garnishment order, contingent on Schwan's posting a supersedes bond. Relators also seek an order compelling Judge Young to proceed with their garnishment action against Schwan's.

{¶ 2} In addition to filing this original action, relators appealed the trial court's August 5, 2016 stay order. Schwan's also filed a cross-appeal of the trial court's underlying July 5, 2016 garnishment order.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is attached hereto. The magistrate found that relators failed to establish the grounds necessary for a writ of prohibition and/or writ of mandamus. Therefore, the magistrate has recommended that we deny relators' request for relief.

{¶ 4} Relators have filed five objections to the magistrate's decision. These objections challenge certain legal conclusions expressed in the magistrate's decision. All of relators' objections are premised on a properly commenced garnishment action. As more fully discussed below, we overrule relators' objections because this court previously determined that the garnishment action was not properly commenced.

{¶ 5} Subsequent to the issuance of the magistrate's decision, this court issued its decision in the direct appeal of the July 5, 2016 garnishment order and the August 5, 2016 stay order. This court held that relators' garnishment action was not properly commenced because the judgment that relators sought to enforce was not final. Because the garnishment action was not properly commenced, the trial court's July 5, 2016 garnishment order was invalid. Therefore, this court reversed the trial court's July 5, 2016 garnishment order and ordered the trial court to dismiss the garnishment action. *Dyer v. Schwan's Home Serv., Inc.*, 10th Dist. No. 16AP-574, 2017-Ohio-4139. This court further found that relators' argument that the trial court erred by granting a stay of the garnishment order and ordering the return of the garnished funds to Schwan's was moot. Therefore, this court dismissed relators' appeal. *Id.*

{¶ 6} Based on this court's decision in the appeal of the garnishment order, we overrule relators' objections and deny relators' request for a writ of prohibition and/or mandamus. We also decline to adopt the magistrate's decision because it is premised on a properly commenced garnishment action, which this court has since determined was not properly commenced.

*Objections overruled;*
*writ of prohibition and/or mandamus denied.*

SADLER and DORRIAN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Douglas and Brenda Dyer, | : | |
| | : | |
| Relators, | : | |
| | : | |
| v. | : | No. 16AP-627 |
| | : | |
| Hon. David C. Young<br>and | : | (REGULAR CALENDAR) |
| Schwan's Home Service, Inc.<br>and | : | |
| Debra Roberts, n.k.a. Debra Rosencrans, | : | |
| | : | |
| Respondents. | : | |
| | : | |

MAGISTRATE'S DECISION

Rendered on April 17, 2017

*Scott Elliot Smith, L.P.A.,* and *Scott E. Smith; Paul W. Flowers Co., L.P.A.,* and *Paul W. Flowers,* for relators.

*Ron O'Brien,* Prosecuting Attorney, and *Jesse W. Armstrong,* for respondent Honorable David C. Young.

*Reminger Co., L.P.A., Michael J. Valentine,* and *Melvin J. Davis,* for respondents Schwan's Home Service, Inc. and Debra Rosencrans Roberts.

IN PROHIBITION AND MANDAMUS

{¶ 7} This is an original action in mandamus and prohibition brought by relators Douglas and Brenda Dyer (collectively "relators") in relation to an ongoing garnishment action in the Franklin County Court of Common Pleas. That action, in turn, is related to a personal injury case brought by relators against respondents Schwan's Home Service, Inc.

("Schwan's") and Debra Rosencrans Roberts ("Roberts"). Respondent Honorable David C. Young is the presiding judge in the garnishment action.

Findings of Fact:

{¶ 8}  1. Schwan's, a corporation with its principal place of business in Minnesota, maintains a business presence in Ohio.

{¶ 9}  2. Roberts was involved in an automobile accident on December 17, 2007 while driving a truck in the course and scope of her employment with Schwan's.

{¶ 10} 3. Relator Douglas Dyer suffered injuries in the accident, and together with his wife, relator Brenda Dyer, commenced a personal injury action against Schwan's and Roberts in the common pleas court. *Dyer v. Ohio Bur. of Workers' Comp.*, Franklin C.P. No. 09CVC-18581 ("the personal injury action").

{¶ 11} 4. A jury awarded relators $10,988,793.11 in damages. Judge Stephen L. McIntosh, presiding over the personal injury action, journalized the verdict in a final order dated June 8, 2016.

{¶ 12} 5. Relators commenced a separate garnishment proceeding in the common pleas court on June 16, 2016. The matter was assigned to respondent Judge Young. *Dyer v. Rosencrans*, Franklin C.P. No. 16JG-020111 ("the garnishment action").

{¶ 13} 6. On June 9, 2016, relators filed a post-judgment motion for prejudgment interest. Schwan's filed motions for judgment notwithstanding the verdict, a new trial, or remittitur on July 7, 2016. These post-trial motions filed in the personal injury action remain pending.

{¶ 14} 7. Relators obtained orders and notices of garnishment issued by the duty judge of the common pleas court on July 5, 2016.

{¶ 15} 8. Pursuant to the notices of garnishment, relators garnished the sum of $7,856,007.62 from Schwan's financial accounts.

{¶ 16} 9. On July 7, 2016, Schwan's filed a motion to stay further proceedings in the garnishment action.

{¶ 17} 10. On July 14, 2016, Schwan's filed a motion for stay of proceedings in the personal injury action. Judge McIntosh granted that motion to stay enforcement of judgement on July 21, 2016, prohibiting relators from "executing or taking any actions

relating to the June 8, 2016 judgment entry and the June 2, 2016 jury verdict." (July 21, 2016 Jgmt. Entry.)

{¶ 18} 11. On August 5, 2016, respondent Judge Young issued a stay in the garnishment action. In conjunction with the stay, Judge Young ordered that the previously garnished funds be refunded to Schwan's, contingent on Schwan's posting a supersedeas bond in an equivalent amount with the Franklin County Clerk of Courts.

{¶ 19} 12. Schwan's posted the appropriate bond with the clerk of courts.

{¶ 20} 13. Relators and Schwan's both appealed from Judge Young's August 5, 2016 entry granting a stay in the garnishment action. Both appeals are currently pending before this court. *Dyer v. Schwan's Home Service, Inc.*, 10th Dist. No. 16AP-574.

{¶ 21} 14. On September 2, 2016, after filing their direct appeal, relators commenced this original action with a complaint seeking writs of mandamus and prohibition.

{¶ 22} 15. Relators' complaint alleges that they face the threat of irreparable harm in the form of an inability to collect on their personal injury judgment because the supersedeas bond currently posted with the clerk of courts does not adequately protect their financial interest. Relators also allege that they have no expedient and effective remedy at law, and request writs ordering respondent Judge Young to vacate the August 5, 2016 order, and proceed with the garnishment action.

Conclusions of Law:

{¶ 23} Prohibition is an extraordinary writ issuing from a court of superior jurisdiction and directed at an inferior tribunal, commanding the lower court to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998). As such, the writ of prohibition tests subject-matter jurisdiction of the lower court, and will issue in cases of necessity arising from the inadequacy of other remedies. *Id.*

{¶ 24} In order to obtain a writ of prohibition, relators must establish that (1) respondent Judge Young is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in an injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elec.*, 72 Ohio St.3d 289 (1995); *Ohio Bell Tel. Co. v.*

*Ferguson*, 61 Ohio St.2d 74 (1980). Prohibition will not lie to limit or prohibit the exercise of discretion by a court having jurisdiction over the subject matter and the parties before it. The writ is not a remedy to correct the mistakes of a lower court in deciding questions within its jurisdiction, or anticipate errors that would be corrected on appeal. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64 (1950). " 'Where a court has jurisdiction of the subject matter of a pending action, a writ of prohibition will not be awarded to prevent an anticipated erroneous decision in such action.' " *State ex rel. Timson v. Miller*, 10th Dist. No. 93AP-35 (Sept. 30, 1993), quoting *State ex rel. Winnefeld v. Court of Common Pleas of Butler Cty.*, 159 Ohio St. 225, 234 (1953).

{¶ 25} The magistrate concludes that the writ of prohibition will not lie in the present case. Judge Young, as the judge presiding over the garnishment action, has jurisdiction over the subject matter of the action. The request for a writ of prohibition does not meet any of the three conditions set forth for such a writ above.

{¶ 26} First, Judge Young is not *about* to exercise judicial or quasi-judicial power. He has already done so in entering the stay and ordering a supersedeas bond.

{¶ 27} Second, the exercise of judicial power here is authorized by law. Relators argue that Judge Young's jurisdictional authority over the garnishment action was limited to a determination of whether Schwan's had established an exemption or defense to garnishment as set forth in R.C. 2716.13. Relators also argue that Judge Young did not undertake hearing as required by R.C. 2716.13 in garnishment cases. Nonetheless, Judge Young presides over a garnishment action brought pursuant to R.C. Chapter 2716, which gives the common pleas court jurisdiction. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. The alleged error of Judge Young's actions is not before the court on the basis of a lack of jurisdiction, but on the basis of alleged error in the exercise of his discretion. True, this court has noted that "[g]arnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 183 Ohio App.3d 795, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955); *Bazzoli v. Larson*, 40 Ohio App. 321 (5th Dist.1931); *S. Ohio Fin. Corp. v. Wahl*, 34 Ohio App. 518 (1st Dist.1929). *Doss*, however,

was decided on *appeal* from alleged error in garnishment proceedings. It cannot support relators' assertion that Judge Young will exceed his jurisdiction if he does not vacate his stay order, but only stands for the opposite proposition that a party retains a legal remedy by way of appeal to correct any such error in the exercise of the trial court's discretion.

{¶ 28} Finally, with respect to the third factor, relators have not established an injury for which no other adequate remedy exists in the ordinary course of law. While relators argue that the pending appeal, however decided, cannot return them to the position they occupied before the garnishment was vacated and replaced with a bond, the magistrate notes that relators have not articulated a meaningful difference between relators' position as holders of the garnished funds and their status as beneficiaries of an equivalent bond.

{¶ 29} In summary, the magistrate concludes that relators have not established a right to a writ of prohibition.

{¶ 30} Relators fare no better under the standard for issuance of a writ of mandamus. In order to obtain a writ of mandamus, relators must establish a clear legal right to the relief prayed for, a clear legal duty to perform the requested act by respondent, and the lack of a plain and adequate remedy at law. "Mandamus will not lie to control judicial discretion in the judicial determination of an issue by an inferior court." *State ex rel. Cash v. Rose*, 63 Ohio App. 244 (10th Dist.1939), *affd.* 136 Ohio St.3d 143 (1939), citing *State ex rel. Tailford v. Bristline*, 96 Ohio St. 581 (1917); *see also State ex rel. Panzica v. Mayfield*, 54 Ohio App.2d 68 (8th Dist.1977); *Newsome v. Wolaver*, 2d Dist. No. 05-CA-73, 2005-Ohio-5968. Moreover, mandamus cannot be used to obtain the reversal of an adverse ruling when the actual decision to grant or deny relief has already been made by the trial judge. *State ex rel. Baerkircher v. Radcliffe*, 31 Ohio St.3d 14 (1987).

{¶ 31} It is accordingly the magistrate's decision that this court deny relators' request for relief in prohibition and mandamus.


/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).