[Cite as *UNIFUND CCR, L.L.C. v. House*, 2026-Ohio-2388.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Unifund CCR, LLC

    Appellee

v.

Preston House

    Appellant

Court of Appeals No. L-25-00271

Trial Court No. CI0202002479

**DECISION AND JUDGMENT**

Decided:  June 23, 2026

* * * * *

Yehudah A. Witkes, for appellee

Preston House, Pro Se Appellant

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Preston House, appeals the November 4, 2025 judgment of the Lucas County Court of Common Pleas that denied his motion to quash a non-wage garnishment filed by appellee, UNIFUND CCR, LLC.  For the following reasons, the trial court's judgment is affirmed.

## I. Background and Facts

{¶ 2} UNIFUND, a debt collector, filed the underlying case against House in 2020, seeking repayment of a defaulted credit card account.  After House failed to respond to the complaint, UNIFUND moved for default judgment, which the trial court

granted in November 2020. The court awarded UNIFUND judgment in the amount of $17,321.18, plus interest at five percent per annum and costs.

{¶ 3} In August 2025, UNIFUND filed an order and notice of garnishment of property other than personal earnings. The clerk of court served the notice of garnishment and a request for hearing form on House.

{¶ 4} In response to the garnishment, House filed a motion to quash. In his motion, he argued that he did not receive notice from UNIFUND or have an opportunity to contest the garnishment before UNIFUND garnished his bank account, so the garnishment should be quashed. Essentially, he argued that, because he was denied statutory notice, he was denied due process, and the failure to provide proper notice rendered the garnishment void. Over the next two months, House filed four supplements to his motion to quash, each arguing that he was not given sufficient notice of the garnishment, which violated due process. House also requested a hearing on the garnishment.

{¶ 5} In its response to House's motion to quash, UNIFUND argued that the purpose of the notice provided for by R.C. 2716.13(C)(1) was to give the debtor an opportunity to request a hearing, not to delay execution of a valid judgment or invalidate a garnishment that otherwise complies with the statutes. It maintained that House receiving notice of the garnishment the same day the money was removed from his bank account was not a legal defect. It also contended that any technical defect in notice does not invalidate the garnishment when the debtor receives the opportunity for a hearing, which House had in this case.

2.

{¶ 6} After holding a garnishment hearing, the trial court issued its decision on November 4, 2025. In its judgment entry, the court found that UNIFUND filed and mailed its notice of intent to garnish funds from House's bank account on August 15, 2025. The notice advised House of his right to request a hearing under R.C. 2716.13 and the procedure for doing so. Service of the notice was completed on the bank on August 22, 2025, and on House on August 26, 2025. After receiving the notice, House filed a motion to quash, request for a hearing, and a motion to compel an accounting of the judgment balance from UNIFUND. UNIFUND filed an opposition to the motion to quash. The trial court held a hearing where both parties appeared and presented their arguments.

{¶ 7} The court stated that R.C. 2716.11 controls garnishment of property other than personal earnings (i.e., non-wage garnishments), and a judgment creditor may commence a non-wage garnishment proceeding in the common pleas court after obtaining a judgment against another person. It went on to note that garnishment hearings under R.C. 2716.13 are limited in scope to the "'consideration of the amount of money, property, or credits, other than personal earnings, of the judgment debtor in the hands of the garnishee, if any, that can be used to satisfy all or part of the debt owned [sic] by the judgment debtor to the judgment creditor.'" Certain benefit payments are exempt from garnishment under the statute and cannot be taken from the debtor. Therefore, the purpose of the hearing is for the debtor to identify exempt funds to ensure that they are not withdrawn from the garnished account. But it also found that issues of

3.

procedural defects and due process can be raised at garnishment hearings if they relate to the garnishment itself and not to the underlying judgment.

{¶ 8} The court first considered House's argument that UNIFUND violated his due process rights by failing to provide adequate notice of its intent to garnish his bank account. It found no support for House's contention that the garnishee bank holding the funds was prohibited from releasing the funds to the creditor during the five-day period during which the debtor could request a hearing. Instead, it found that service of the garnishment order on the garnishee attaches the debtor's property in the garnishee's possession and creates a lien in favor of the creditor. The debtor then bears the burden to show at the hearing that exemptions apply or that the garnishment is otherwise improper.

{¶ 9} The court went on to find that cases where the debtor claims lack of notice but receives a hearing require a showing of prejudice to have the garnishment quashed. Here, House received a hearing but did not demonstrate any prejudice. Moreover, House was not claiming that he did not receive the notice, so there was no deficiency. Therefore, the court found, House was not entitled to have the garnishment quashed.

{¶ 10} House filed a notice of appeal. While the appeal was pending, this court remanded the case for the trial court to decide a pending motion for attorney fees filed by UNIFUND. The trial court issued its decision on UNIFUND's fees motion on November 21, 2025. On January 13, 2026, House filed a motion to amend his notice of appeal to include the November 21 judgment entry. This court denied his motion to amend on February 18, 2026, because House sought to amend his notice of appeal more than 30

4.

days after the order was entered and the trial court denied UNIFUND's motion, not House's motion.

{¶ 11} In his brief, House raises four assignments of error:

I. The trial court erred by entering judgment without requiring Appellee to meet its evidentiary and statutory burden of proof.

II. The trial court abused its discretion by issuing an unreasoned judgment unsupported by competent, credible evidence.

III. The trial court violated Appellant's due-process rights by granting relief without proof or meaningful procedural safeguards.

IV. The trial court abused its discretion by denying attorney fees without findings or legal analysis.

## II. Law and Analysis

### A. House cannot relitigate the underlying debt in the garnishment proceedings.

{¶ 12} In his first assignment of error, House argues that the trial court erred by entering judgment for UNIFUND because it failed to produce proof of standing, ownership of the underlying debt, and the amount owed. In his third assignment of error, he argues that a court granting default judgment without proper evidence violates fundamental fairness, and that a plaintiff must prove their entitlement to judgment, even if the defendant does not appear in the case.

{¶ 13} The scope of a garnishment hearing is limited to the judgment debtor's claims of exemption or a defense to the garnishment itself. *E. Liverpool v. Buckeye Water Dist.*, 2012-Ohio-2821, ¶ 34 (7th Dist.), citing *Ashtabula Cty. Med. Ctr. v. Douglass*, 1988 WL 59836, *1 (11th Dist. June 3, 1988). Thus, a judgment debtor may

5.

not use garnishment proceedings to relitigate the underlying debt. *Id.*, citing *Rak-Ree Ents., Inc. v. Timmons*, 2011-Ohio-1090, ¶ 16 (10th Dist.).

{¶ 14} House's arguments in these assignments of error relate to UNIFUND's failure to prove the underlying debt, *not* to House's claims of exemption or a defense to the garnishment. Because House may not relitigate these issues in garnishment proceedings, his first and third assignments of error are not well-taken.

**B. The trial court did not err by denying House's motion to quash.**

{¶ 15} In his second assignment of error, House argues that the trial court abused its discretion by issuing a decision that is not supported by competent, credible evidence or that failed to include reasoning. He contends that "[a]bsent findings or analysis, meaningful appellate review is impossible." It is unclear from the barebones argument in his brief whether House is referring to the trial court's decision on the underlying judgment or its decision on the motion to quash the garnishment.

{¶ 16} To the extent that House is arguing that the trial court's decision on the underlying default judgment is improper, he may not relitigate that issue in garnishment proceedings. *E. Liverpool* at ¶ 34.

{¶ 17} If instead he is arguing that the trial court's denial of the motion to quash is improper, that conclusion is unsupported by the record. "Garnishments are purely statutory proceedings, and a court can grant garnishment relief only in accordance with the terms and upon the grounds set forth in the garnishment statutes." *Doss v. Thomas*, 2009-Ohio-2275, ¶ 11 (10th Dist.), citing *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606 (1955). An appellate court reviews de novo a trial court's interpretation of

6.

the garnishment statutes.  *See Dyer v. Schwan's Home Serv., Inc.*, 2017-Ohio-4139, ¶ 9 (10th Dist.).

{¶ 18} Under R.C. 2716.13(C)(1), at the time of filing a non-wage garnishment, a judgment creditor is required to file with the clerk of court a praecipe instructing the clerk to issue the judgment debtor "a notice to the judgment debtor form and a request for hearing form" that are substantially in the forms in R.C. 2716.13(C)(1)(a) and (b).  Upon receipt of the praecipe, the clerk shall "immediately" serve the debtor with two copies of the notice form and the request for hearing form.  *Id.*  The notice and hearing forms shall be served not later than seven days prior to the date on which the garnishment hearing is scheduled.  *Id.*

{¶ 19} Here, House's complaint is not with any of the statutory notice steps. Instead, he contends that the garnishee should not be able to take money from his bank account during the period in which he is allowed to request a garnishment hearing. However, there is nothing in the plain language of the statute that prevents the garnishee from taking money from a debtor's accounts immediately.  "A court's duty is to give effect to the words used in a statute, not to delete or insert words."  *Broadmoor Ctr., LLC v. Dallin*, 2016-Ohio-8541, ¶ 19 (10th Dist.).  This court will not read requirements that do not exist into the statute.

{¶ 20} Because House received proper notice of the garnishment, and there is no requirement in R.C. 2716.13(C)(1) that the garnishee wait to remove money from the debtor's account, House's second assignment of error is not well-taken.

**C. House did not appeal the trial court's November 21, 2025 decision.**

{¶ 21} In his fourth assignment of error, House argues that the trial court abused its discretion by denying his request for attorney fees without making findings of fact or applying governing law.

{¶ 22} Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." There are certain exceptions to the 30-day time limit in App.R. 4(B)(2), which states,

> If a party files a notice of appeal from an otherwise final judgment but before the trial court has resolved one or more of the filings listed in this division, then the court of appeals, upon suggestion of any of the parties, shall remand the matter to the trial court to resolve the post-judgment filings in question and shall stay appellate proceedings until the trial court has done so. After the trial court has ruled on the post-judgment filing on remand, any party who wishes to appeal from the trial court's orders or judgments on remand shall do so in the following manner: (i) by moving to amend a previously filed notice of appeal or cross-appeal under App.R. 3(F), for which leave shall be granted if sought within thirty days of the entry of the last of the trial court's judgments or orders on remand and if sought after thirty days of the entry, the motion may be granted at the discretion of the appellate court; or (ii) by filing a new notice of appeal in the trial court in accordance with App.R. 3 and 4(A). In the latter case, any new appeal shall be consolidated with the original appeal under App.R. 3(B).

A motion for attorney fees is one of the filings listed in App.R. 4(B)(2). *See* App.R. 4(B)(2)(e).

{¶ 23} Here, House filed a notice of appeal from the trial court's decision on attorney fees well after the 30-day limit for appealing expired. Under App.R. 4(B)(2), this court had discretion to grant or deny House leave to amend his notice of appeal to include the trial court's decision on attorney fees, which this court ultimately denied

8.

because the trial court's decision denied UNIFUND's—not House's—motion. Absent a properly filed notice of appeal, an appellate court lacks jurisdiction to hear the appeal. *State v. Taft*, 2019-Ohio-1565, ¶ 58 (6th Dist.), citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶ 24} Because this court denied House's request for leave to amend his notice of appeal to include the trial court's November 21, 2025 decision, that decision is not properly before the court and cannot be considered in this appeal. Therefore, House's fourth assignment of error is not well-taken.

### III. Conclusion

{¶ 25} For the foregoing reasons, the November 4, 2025 judgment of the Lucas County Court of Common Pleas is affirmed. House is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.